■ MOLLENDO EQUIPMENT CO., INC., Respondent, v SEKISAN TRADING Co., LTD., Appellant.—Order, Supreme Court, New York County, entered February 10, 1976, denying defendant's motion to dismiss the complaint on the ground of *forum non conveniens* (CPLR 327) and to vacate an order of attachment upon the proceeds of a letter of credit in favor of defendant, unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, and the motion granted on condition that defendant serves notice on plaintiff, within 20 days after the service upon it by plaintiff of a copy of the order to be settled hereon with notice of entry, stipulating that it will accept service of process in Japan and appear in any action commenced therein by plaintiff for the same relief demanded in the complaint herein within 30 days after service of said notice, and that in any action so commenced it will not plead (and thereby waives) the Statute of Limitations as a defense and that in the event such action is so commenced it will post an undertaking to secure any judgment that plaintiff might recover. In the event of defendant's failure to comply with the foregoing conditions, the order is unanimously affirmed, without costs and without disbursements. Plaintiff, a domestic corporation, instituted this action alleging breach of an oral contract against defendant, a Japanese concern which neither maintains an office nor an agent for the conduct of business within this country. The contract dispute raised by the pleadings concerns a sale of caustic soda by defendant allegedly to one other than plaintiff, to wit, Maul International, Inc. (not a party herein). Maul is neither a New York corporation nor authorized to conduct business in New York. The contract was executed in Japan and required delivery f.o.b. at several Japanese ports. The destination was a port in Brazil. Whether plaintiff was a party to the contract, as it alleges, or a stranger to the contract, as defendant alleges, is an unresolved question. To secure in rem jurisdiction over defendant, plaintiff attached an irrevocable letter of credit established by it in favor of defendant in payment of a shipment of caustic soda not here in dispute. Respecting the issue whether the doctrine of *forum non conveniens* is applicable, we note that in *Silver v Great Amer. Ins. Co.* (29 NY2d 356, 361), the Court of Appeals observed that its "application should turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties." Assuming plaintiff to be a proper party plaintiff, the fact that plaintiff is a domestic corporation is not, of itself, controlling. Clearly, the doctrine should be invoked when it appears that the jurisdiction is an inconvenient forum and there exists another forum which will serve the ends of justice and the convenience of the parties. The circumstances herein are such as to bring this matter within the rationale of *Irrigation & Ind. Dev. Corp. v Indag S. A.* (37 NY2d 522). Accordingly, it is concluded that despite plaintiff's residence in New York, a factor of considerable weight, the "flexible analysis" enjoined upon this court by the Court of Appeals *(Martin v Mieth,* 35 NY2d 414, 418) requires that defendant's motion to dismiss the complaint on the ground of *forum non conveniens* be granted. Simply stated, there is no nexus between this jurisdiction and the instant suit. The cause neither arose in nor touched upon New York. The defendant would be forced to litigate far from home in a jurisdiction with which it had

no contacts. Finally, the bulk of the witnesses are elsewhere. Settle order on notice. Concur—Lupiano, J. P., Capozzoli, Lane, Markewich and Lynch, JJ.