■ GLADYS C. BENNETT, Appellant, v MARY A. BENNETT, Respondent.— Order, Supreme Court, New York County, entered on March 17, 1978, dismissing the complaint herein on the ground of *forum non conveniens* is unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of conditioning dismissal on defendant's consenting to service and jurisdiction in Georgia or South Carolina at the option of the plaintiff and is otherwise affirmed, without costs and without disbursements. Plaintiff was the beneficiary of a trust administered by the defendant as trustee. The defendant is a South Carolina resident who was served in New York while on a visit. The trust indenture provides that on the trustee's resignation, the Citizens and Southern National Bank in Augusta, Georgia, was to become successor trustee. In July, 1976, defendant resigned as

trustee and turned over the assets to the successor. The indenture requires the trustee to pay over to plaintiff one third of the principal when she attains the age of 21. Plaintiff became 21 on May 20, 1974, and requested the trust principal due. Defendant refused to do this, without explanation, and has never accounted as trustee to either the plaintiff or successor trustee. Special Term properly dismissed on the theory of *forum non conveniens,* as the corpus of the trust and the former trustee are all located in either Georgia or South Carolina, and the trust laws applicable are pertinent to either Georgia or South Carolina. The application of the theory "should turn on consideration of justice, fairness and convenience and not solely on the residence of one of the parties." *(Silver v Great Amer. Ins. Co.,* 29 NY2d 356, 361.) The doctrine should be invoked "when it appears that the jurisdiction is an inconvenient forum and there exists another forum which will serve the ends of justice and the convenience of the parties." *(Mollendo Equip. Co. v Sekisan Trading Co.,* 56 AD2d 750.) It appears to have been an oversight for Special Term to have omitted South Carolina as an alternate jurisdiction, and to have failed to include Georgia, as well, where the trust assets now repose. Our modification is designed to overcome those deficiencies. Concur—Birns, J. P., Silverman, Evans, Fein and Sullivan, JJ.