■ DALE HICKSON, Respondent, v THOMAS GARDNER, Doing Business as T & D AUTO SALES, Appellant.—Order unanimously reversed on the law with costs and motion granted. Memorandum: Plaintiff commenced an action against defendant sounding in negligence. A jury rendered a verdict in favor of plaintiff in the sum of $1,000 on May 20, 1986. On May 28, 1986, counsel for defendant wrote to plaintiff's attorney requesting that a judgment be filed and served so that the

matter could be terminated. Receiving no response, defense counsel, on July 29, 1986, again wrote to plaintiff's attorney asking that he enter and serve the judgment as he was holding the insurance carrier's check in the amount of $1,000 and wished to close his file. Receiving no response, by notice of motion dated March 31, 1987, 10 months after his last written request to plaintiff's attorney to file the judgment, defendant moved to dismiss the action as abandoned pursuant to 22 NYCRR 202.48. Thereupon plaintiff's attorney filed the judgment and asserted, without more, that the action was concluded and the motion was without merit.

The court denied defendant's motion to dismiss the action, but instead assessed attorney's fees against plaintiff's attorney in the sum of $150. We reverse, and grant defendant's motion.

22 NYCRR 202.48 (a), (b) provide:

"Submission of orders, judgments and decrees for signature.

"(a) Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted.

"(b) Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown."

A plain reading of the rule indicates that it is directed to winners of court proceedings and is self-executing. While in the instant case there was no order or judgment which required signature, we interpret the rule to include circumstances where a jury has rendered a verdict and all that is required is for the clerk to enter judgment based upon the court's minutes.

The intent of the rule appears to be to bring repose to court proceedings where no further action is otherwise contemplated or required. To be relieved of the impact of abandonment under the rule, the party who bears the burden of filing an order or judgment must demonstrate good cause for his failure to comply with the rule. In this case, plaintiff made no attempt to explain his failure to enter judgment despite both oral and written requests from defendant that he do so and, indeed, on this appeal has failed to submit a brief or argue his position, whatever it might be. Therefore, we conclude that the court abused its discretion by denying defendant's motion to dismiss the action as abandoned. (Appeal from order of

Supreme Court, Ontario County, Wesley, J.—dismiss complaint.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.