OPINION OF THE COURT
Robert G. Hurlbutt, J.
This action was commenced against the defendants, as guarantors under a certain promissory note made to plaintiff as promissee, after default and discharge in bankruptcy on the part of the principal debtor.
After commencement of the action in November 1985, issue was joined by service of answers on behalf of both defendants Bullard and Pardoe by attorney Milton J. Crystal. Subsequently, plaintiff moved for summary judgment against both defendants, and a decision/order of this court (Eugene F. Sullivan, Jr., J.) granting summary judgment was dated and entered October 9, 1986. No judgment was entered by or on behalf of plaintiff until December 2, 1987.
Defendant Pardoe now moves for an order vacating the *1010 judgment entered December 2, 1987 and dismissing the action as abandoned, pursuant to CPLR 2220 (a) and 22 NYCRR 202.48. Plaintiff resists the motion on the ground that neither the statute nor rule relied upon pertain to the entry of judgments not requiring submission for judicial signature and, alternatively, on the ground that plaintiff has demonstrated good cause for failure to timely enter its judgment.
Defendant relies primarily on 22 NYCRR 202.48, as that rule has been interpreted by the Appellate Division, Fourth Department, in Hickson v Gardner (134 AD2d 930 [4th Dept 1987]). 22 NYCRR 202.48 (a) and (b) provide as follows:
"(a) Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted..
"(b) Failure to submit the order of judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown.”
In Hickson v Gardner (supra), the court construed rule 202.48 to apply to the entry of a judgment upon a verdict, requiring no judicial signature, as well as to orders and judgments which require submission to the court for signature. The memorandum opinion states: "The intent of the rule appears to be to bring repose to court proceedings where no further action is otherwise contemplated or required. To be relieved of the impact of abandonment under the rule, the party who bears the burden of filing an order or judgment must demonstrate good cause for his failure to comply with the rule.” (Hickson v Gardner, supra, at 931.)
In Hickson (supra), the judgment was not entered until after a motion to dismiss the action as abandoned was made, some 10 months after a jury verdict had been rendered in favor of plaintiff. Plaintiff made no showing whatever as to his failure to enter the judgment, and the court reversed the lower court and granted the motion to dismiss the action as abandoned.
Clearly, at least in the Fourth Department, 22 NYCRR 202.48 applies equally to judgments to be entered ministerially as well as orders and judgments to be submitted for judicial signature. Therefore, the judgment herein entered against defendant Pardoe must be dismissed as abandoned unless plaintiff has demonstrated "good cause” for failure to *1011 enter the judgment within 60 days after the decision/order granting summary judgment. Plaintiff asserts as good cause a continuous course of negotiations between plaintiff’s attorney, and subsequently an officer of plaintiff, and attorney Crystal as to settling the matter as against the defendant Bullard. It is undisputed that, even before summary judgment was granted (without opposition), defendant Bullard, through attorney Crystal, initiated discussions as to a negotiated disposition of the matter as to him. It is likewise undisputed that discussions as to the defendant Bullard continued intermittently from September 1986 until October 21, 1987 (Nov. 1987 according to plaintiff’s attorney), when plaintiff and defendant Bullard, through attorney Crystal, agreed on a settlement as to defendant Bullard in the sum of $12,000. Concededly, all of the settlement discussions and negotiations had nothing to do with defendant Pardoe.
Judgment was finally entered on December 2, 1987. Defendant Pardoe promptly procured new counsel as evidenced by a duly executed consent to change attorney acknowledged December 11,1987, and proceeded with this motion to dismiss.
The issue thus presented is whether a continuing course of negotiations for settlement of the action with one defendant constitutes good cause for failure to enter judgment in accordance with 22 NYCRR 202.48 as to a codefendant. I find no case law on the question of what constitutes good cause for failure to timely submit or enter an order or judgment. It would appear that most closely analogous would be those cases decided under CPLR 3215 (c), requiring dismissal of a complaint as abandoned where plaintiff fails to enter a default judgment within one year after default, "unless sufficient cause is shown” to avoid dismissal. A review of the cases decided under CPLR 3215 (c) discloses none in point; however, two similar cases are worthy of note and, by inferential analysis, suggest the proper result here.
In Woodward v City of New York (119 AD2d 749), plaintiff sued the City of New York, New York City Health and Hospitals Corp. and four doctors in malpractice. Corporation Counsel of the City of New York appeared and answered on behalf of all defendants except two, who were served in January and February of 1983. In March 1984, more than one year after the defaulting defendants’ time to answer had expired, plaintiff moved to enter default judgment pursuant to *1012 CPLR 3215 (c). The defaulting defendants, appearing by Corporation Counsel, cross-moved for dismissal of the complaint as abandoned pursuant to CPLR 3215 (c). Plaintiff’s asserted cause for failure to timely enter default judgment was that discussions had continuously taken place with Corporation Counsel throughout 1983 as to whether it would appear on behalf of the defaulting defendants. Special Term granted the defendants’ cross motion for dismissal, but the Appellate Division, Second Department, reversed and reinstated the complaint, holding that, under the circumstances of the case, the discussions with the office of Corporation Counsel constituted sufficient excuse for the failure to timely enter judgment.
To be contrasted is Baldwin v St. Clare’s Hosp. (63 AD2d 761). In that case, plaintiff sued three doctors in malpractice, and two defaulted.in appearance. Plaintiff moved, more than one year after the time to answer had expired, for entry of default judgment against the nonappearing defendants, who cross-moved for an order dismissing the complaint as abandoned. On appeal from á denial of defendants’ cross motion, the Appellate Division, Third Department, granted the motion and dismissed the complaint as abandoned. The proffered excuse for failure to enter up the default was the ongoing litigation as against the defendant who had appeared and answered, including motions, drafting and service of a bill of particulars and conduct of' an examination before trial. The court held, however, that ongoing litigation as against the appearing defendant constituted no excuse for failure to proceed against the defaulting defendants.
A fair reading of the cases cited leads to the conclusion that settlement or other negotiations or discussions with or on behalf of a defaulting defendant can constitute good cause for failure to timely enter default judgment. However, where such activities, negotiations or discussions do not pertain to the defaulting defendant, no excuse or cause for failure to enter the judgment is demonstrated. Here, notwithstanding that both defendants were represented by a single attorney, it is undisputed that all of the settlement discussions and negotiations from September 1986 through November 1987 pertained solely to the defendant Bullard. As such, those discussions cannot constitute good cause for failure to enter the judgment *1013 as against the defendant Pardee, whose motion to dismiss must therefore be granted.
The motion of the defendant Allen S. Pardoe for an order vacating the judgment entered against him December 2, 1987 and dismissing the action against him as abandoned is granted.