OPINION OF THE COURT
Lewis R. Friedman, J.
Bibi Goriah, the only defendant served, moves to dismiss on the grounds of forum non conveniens. Her prior motion on the same grounds was granted, but, pursuant to 22 NYCRR 202.48 (b), was "deemed abandoned” when defendant failed to settle an order (Persaud v Goriah, NYLJ, Dec. 23, 1988, at 24, col 5). This motion concerns the consequences that flow from that "abandonment”.
The case arises out of a May 16, 1987 automobile accident which occurred in Mississauga, Ontario, Canada. The action was commenced in June 1987 by service of the summons and complaint on Bibi Goriah in New York City. Defendant served an untimely answer in September 1987; it was rejected. In November 1987 defendant moved (1) for leave to serve the answer, (2) to dismiss on the grounds of forum non conveniens (CPLR 327 [a]), and (3) to dismiss for improper service. Justice Tompkins granted dismissal on the grounds of forum non conveniens, in a decision filed December 18, 1987; the decision concluded "settle order”. Although 22 NYCRR 202.48 (a), (b) require submission of an order for signature within 60 days of *227 the date of decision, no order was submitted. Plaintiffs attempted to appeal from the decision, but the papers were rejected by the Appellate Division. Eventually, plaintiffs moved for an order deeming the prior decision abandoned; defendants cross-moved for leave to settle an untimely order. On November 25, 1988, this court found that, in the absence of good cause, the 11-month delay between the decision and the submission of the order constituted an "abandonment of the motion” (Persaud v Goriah, supra).
Defendant’s present motion is a repetition of the prior motion to dismiss. Defendant argues that she may simply move again for the same relief she had already received; plaintiffs counter that the "abandonment” precludes this motion.
The cases provide no guidance. Although the substance of 22 NYCRR 202.48 existed long prior to the current Uniform Rules for Trial Courts (see, e.g., former Rules of Practice, Supreme Court, Westchester County, 22 NYCRR 780.26 [1973]), no reported decisions concerning motions which have been "deemed abandoned” have dealt with the consequences of "abandonment”.
Analytically, there are three alternative resolutions of the issue. First, as plaintiffs here allege, "the ballgame is over” as far as the substance of the original motion is concerned. That is, once a motion is made and abandoned, the moving party is effectively in the same position as though the motion had been denied. At first blush, that appears to be the result reached in Hickson v Gardner (134 AD2d 930) and Marine Midland Bank v Bullard (139 Misc 2d 1009). In Hickson, after a favorable jury verdict, the plaintiff failed to enter judgment, despite defendants’ requests; the judgment was only submitted for signature in response to the motion to dismiss, 10 months after the verdict. The Appellate Division reversed the trial court’s refusal to dismiss the action. "The intent of the rule appears to be to bring repose to court proceedings where no further action is otherwise contemplated” (supra, 134 AD2d, at 931). Similarly, in Marine Midland Bank v Bullard (supra) the court dismissed the action against a defendant even though summary judgment had previously been granted to plaintiff, when the plaintiff failed to enter judgment. However, neither case discussed whether the plaintiff could commence a new action or the implications of the Statute of Limitations. If 22 NYCRR 202.48 is a permanent bar to relitigation, appellate review of the substance of *228 the motion is precluded, without any adjudication of its merits; abandonment becomes the equivalent of a determination with prejudice. That may well be a proper penalty for recalcitrant litigants. The courts apparently have the power to adopt such a rule (see, Headley v Noto, 22 NY2d 1, 4; Cohn v Borchard Affiliations, 25 NY2d 237, 251; Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 6). Yet, this court is loath to apply such a drastic remedy to the failure to settle an order; the consequences may go far beyond the inconvenience to the previously unsuccessful party and the burdens on the court system which are the reasons for the "deemed abandoned” rule. Indeed, a motion for summary judgment which is granted, and then "deemed abandoned”, may well require an unwarranted trial.
Second, as the defendant here advocates, there should be no adverse consequences from the "abandonment” of the motion. Defendant, in essence, argues that more than 18 months of litigation, her own inept handling of the case, and the imposition on the court and plaintiffs should all be ignored. She would proceed as though nothing had happened. Obviously, the purpose of 22 NYCRR 202.48, to bring timely response to litigation, is not well served by that approach. Clearly, the opposing party is unfairly severely burdened. In the instant case, plaintiff opposed the first motion to dismiss, brought the "abandonment” motion, and now must respond to the motion to dismiss, on the merits, yet again. "Legalizing such antics worsens the calendar-delay situation” (Greenberg v Be Hart, 4 NY2d 511, 517 [Desmond, J., dissenting]). Indeed, if defendant were correct, there would be no incentive for an aggrieved party to move under 22 NYCRR 202.48. All the abandoning party would need do is respond to the motion for abandonment by submitting an untimely order. The court’s acceptance of that order would yield a far more "efficient” result than, as here, the motion practice resulting from relitigation of the original motion. The Fourth Department in Hickson v Gardner (supra) properly rejected that approach. This court is not willing to conclude that 22 NYCRR 202.48, and the identical rules applicable to other trial courts (22 NYCRR 208.33 [NY City Civ Ct], 210.33 [City Cts], 212.33 [Dist Cts]), were adopted to produce meaningless results.
A third result may flow from the "abandonment” — the court may consider the original motion on the merits but treat it as though it were being interposed for the first time. That is, the moving party, whose inaction delayed disposition of the mo *229 tion, should bear the burden, costs and consequences of the delay in the motion practice. For example, despite the merits of the motion, laches or waiver may bar a favorable substantive adjudication.
That result is consistent with the rules applicable to actions which the CPLR treats as "abandoned”. In each of those instances, a new action may be recommenced unless the Statute of Limitations has run; however, the tolling provision of CPLR 205 (a) does not apply. Under CPLR 3404 a case marked "off” the calendar that is not restored within one year "shall be deemed abandoned and shall be dismissed”. That dismissal is not on the merits and, subject to the Statute of Limitations, a new action may be commenced (Lewin v Yedvarb, 61 AD2d 1025, 1026; Freeman’s Beverages v National Cash Register Co., 50 AD2d 1075; Pisaturo v McCloud, 26 AD2d 610; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3404.09; cf., Bieniek v Miller Drug Stores, 25 AD2d 941). Similarly, if a party fails to take steps to enter a judgment within one year of a default, "the court shall not enter judgment but shall dismiss the complaint as abandoned”. The resulting dismissal is for failure to prosecute (see, 13th Ann Report of NY Jud Council, at 213, 226-227) and is not on the merits; therefore, a new action, if it is not time barred, may be brought (see, e.g., Goodemote v McClain, 40 AD2d 22). Also, when an action which is dismissed pursuant to CPLR 3216 for "want of prosecution” because the plaintiff failed to place the matter on the Trial Calendar, the dismissal is generally not on the merits and the action may be recommenced unless it is barred by the relevant Statute of Limitations (see, e.g., Shepard v St. Agnes Hosp., 86 AD2d 628, 630; Lewin v Yedvarb, supra, 61 AD2d, at 1026; Medical Health Servs. v Fountain Center Corp., 52 AD2d 621; Mintzer v Loeb, Rhoades & Co., 10 AD2d 27, 31). However, CPLR 3216 permits the court to dismiss the action "on the merits” in the exercise of discretion for prolonged neglect (Jones v Maphey, 50 NY2d 971; Headley v Noto, 22 NY2d 1, 4). Clearly, a disposition "on the merits” was not intended by the "deemed abandoned” rule (22 NYCRR 202.48).
This court finds that the third alternative produces the only result properly consistent with the policy of 22 NYCRR 202.48. The effect of delay, laches or waiver by inaction are the equivalent of the Statute of Limitations applicable to dismissed actions. Thus, the court may reach the merits of those motions where the merits are not effected by the delay; yet the movant who has delayed does not reap any benefit *230 from that delay. The proper application of the rule puts burdensome motion practice to an end. However, those motions which are truly outcome determinative and which impact on sound judicial administration may, in the exercise of the court’s discretion, be considered on their merits. The application of the rule to the case at bar leads the court to conclude that defendant has, by delay and inaction, waived her right to move to dismiss on the grounds of forum non conveniens.
The Court of Appeals has indicated various objective factors which ought to be considered by the trial courts in exercising their discretion to dismiss on the ground of forum non conveniens; "[t]he rule rests upon justice, fairness and convenience” (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479). The traditional factors to be evaluated include whether the transaction is foreign, the availability of another forum, the burden on the New York courts, potential hardship to the defendants and the quality of the New York contacts involved (see, e.g., Islamic Republic of Iran v Pahlavi, supra, 62 NY2d, at 479; Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65, 73; Silver v Great Am. Ins. Co., 29 NY2d 356, 361). The burden is on the defendant to establish a basis for dismissal (Islamic Republic of Iran v Pahlavi, supra, 62 NY2d, at 479; Bader & Bader v Ford, 66 AD2d 642, 645; Piper Aircraft Co. v Reyno, 454 US 235, 255-256; Gulf Oil Corp. v Gilbert, 330 US 501).
The law is well settled that, in addition to the traditional factors considered on forum non conveniens motions, the court may rely upon delay in making the motion to dismiss as a basis for denial of the motion (see, e.g., Corines v Dobson, 135 AD2d 390, 392-393; Bussanich v United States Lines, 74 AD2d 510; ABKCO Indus. v Lennon, 52 AD2d 435, 441; Mirabella v Banco Indus., 43 AD2d 489; cf., Aboujdid v Singapore Airlines, 67 NY2d 450, 458-459; De Sapio v Kohlmeyer, 35 NY2d 402, 405). This action was commenced by personal delivery of the summons and complaint to defendant in New York in June 1987; the instant motion was made on December 23, 1988, 1 Vi years later. The court finds that delay sufficient to support the conclusion that defendant accepted the jurisdiction of the New York courts and waived her right to make the forum non conveniens motion.
Defendant’s conduct on the instant motion is consistent with her prior procrastination and avoidance of a direct resolution of the issues. Thus, movant does not even establish that a proceeding could be timely commenced in the Ontario *231 courts, if this action is dismissed. The availability of an alternative forum is "a most important factor to be considered” (Islamic Republic of Iran v Pahlavi, supra, 62 NY2d, at 481); it has long been held to be a "pertinent factor” (Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense [Varig], 22 NY2d 333, 338; Restatement [Second] of Conflict of Laws § 84; Piper Aircraft Co. v Reyno, supra, 454 US, at 254, n 22). Defendant’s first reference to the availability of a Canadian forum is in her reply papers on this motion. An affirmation of New York counsel states that he "telephoned” an attorney associated with a law firm in Montreal, Quebec, who "relayed” that there is a two-year Statute of Limitations in the Province of Quebec which "would apply to the Province of Ontario”; no statutory or case citations, or, indeed, any other authority are offered to this court. Moreover, at argument of this motion defendant’s counsel declined to state whether defendant would waive any applicable Statute of Limitations or defense of laches in the courts of Ontario; yet, the Appellate Division in this Department has made it clear that such a waiver is required before a forum non conveniens motion should be granted (see, e.g., Wilson v International Ocean Transp. Corp., 78 AD2d 623; Bennett v Bennett, 64 AD2d 572).
In short, this court finds no reason to dismiss the case of New York plaintiffs to permit a delaying Canadian defendant to litigate a simple automobile accident case in her home forum.
The instant motion also sought dismissal on the ground of lack of jurisdiction over the person of defendant.* The answer asserts a lack of personal jurisdiction; plaintiff cross-moves to dismiss that defense. In the moving papers, defendant’s counsel asserts that plaintiffs used false pretenses to trick defendant into New York State in order to serve her; that is, she was asked to visit the ailing plaintiff, Shiw Persaud, at his home in New York when she was served by plaintiffs’ counsel. Plaintiff’s counsel noted that defendant herself submitted no affidavit on the facts of service; additionally he averred that the parties are longtime friends and defendant was concerned about Mr. Persaud’s injuries. In reply defendant withdrew her claim that false pretenses were used to bring her into the State. She maintains, however, that *232 her "momentary presence in the United States” is constitutionally insufficient to sustain service (Shaffer v Heitner, 433 US 186). Defendant does not explain her argument or the reference to Shaffer. The court is unaware of the factual basis for the motion to dismiss. Defendant studiously avoids submission of an affidavit of facts from a person with knowledge. On this record, the court cannot conclude that there are insufficient contacts with New York to meet international law and due process standards (Aboujdid v Singapore Airlines, supra, 67 NY2d, at 461; Banco Ambrosiano v Artoc Bank & Trust, supra, 62 NY2d, at 71-73). The motion to dismiss is denied; the cross motion to dismiss the defense of lack of jurisdiction is granted.

 The motion also sought leave to serve the untimely answer. It appears that plaintiff has agreed to accept the answer; that portion of the motion is concededly moot.