■ CORA STANLEY et al., Appellants, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, Bronx County (Howard Silver, J.), entered June 14, 1988, which denied plaintiffs-appellants' motion to vacate a default judgment entered against them, unanimously reversed, on the law and the facts, and in the exercise of discretion, and the motion granted, without costs.

This action, commenced by plaintiffs-appellants in May 1987, is one of three lawsuits arising out of the alleged conversion of appellants' automobiles. Defendants-respondents moved to dismiss the complaint after issue had been joined, asserting res judicata, failure to state a cause of action, and lack of personal jurisdiction over respondents. Appellants failed to submit papers in opposition and, upon their default, the motion was granted. Despite the direction in Justice Silver's decision, filed November 30, 1987, to settle an order, respondents' proposed order was not submitted until March 1988.

Before this order had been signed and served, appellants moved to vacate the "default judgment" alleging that the order had been procured by fraud because the notice of motion did not indicate the index number of the action and that they were not served with all of the relevant papers. Appellants also asserted that respondents had failed to comply with section 202.48 of the Uniform Rules for Trial Courts (22 NYCRR) which requires that proposed orders be submitted for signature within 60 days after the signing and filing of the decision directing that an order be settled. Failure to timely submit an order is deemed an abandonment of the motion "unless for good cause shown." (Uniform Rules for Trial Cts § 202.48 [b].)

The court, without holding a traverse hearing, found that appellants had been given sufficient notice that a motion was pending and further inquiry would have given them the information they lacked. The court also rejected their claim based on section 202.48 of the Uniform Rules for Trial Courts, erroneously relying on subdivision (c) thereof. That subdivision pertains to the time for service of a proposed order on the parties prior to the date of settlement. Appellants, however, correctly alleged that respondents had failed to meet the 60-day time limit for submitting a proposed order as required by subdivision (a). Respondents' only excuse for failing to timely submit the proposed order is that counsel did not see the notice, published December 2, 1987, of the disposition of the motion. We do not think respondents have met their burden of establishing good cause and the motion should, therefore, have been deemed abandoned. Consequently, we reverse the order appealed from and grant appellants' motion to vacate the default. Concur—Ross, J. P., Asch, Rosenberger, Smith and Rubin, JJ.

■ LISANETTE ROSARIO, an Infant, by Her Mother DELIA