■ In the Matter of ISABELLA KERRIGAN, Also Known as ISABELLA SINKUS, Conservatee. KEVIN KERRIGAN, Respondent; STUART R. BERG, Appellant.—In a proceeding to discover and direct turnover of withheld assets of an incompetent, Stuart R. Berg, the attorney for the party directed to turn over such assets, appeals from so much of an order of the Supreme Court, Queens County (Kassoff, J.), dated August 14, 1989, as directed him to pay $4,000 to the conservator.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant contends that submission of the order appealed from more than 60 days after the court's decision violates 22 NYCRR 202.48 and should be deemed an abandonment of the action. 22 NYCRR 202.48 provides in pertinent part:

"(a) Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted.

"(b) Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown".

The court issued a decision from the bench on February 11, 1988. On February 19, 1988, the appellant was served with a proposed order and a notice of settlement indicating that a proposed order would be presented to the court for settlement on March 1, 1988. Thus, an order was submitted to the court within 60 days, as required by 22 NYCRR 202.48. The proposed order, which was signed on May 13, 1988, did not deal with the question of the appellant's fee. However, in it, the court expressly held in abeyance "all other determinations based upon this Court's decision dated February 11, 1988 * * * pending further application and Order of this Court". One of those determinations which the court held in abeyance was the matter of the appellant's fee.

The rule enunciated in 22 NYCRR 202.48 is directed to movants who are successful (see, Seeman v Seeman, 154 AD2d 584, 586). Its intent appears to be to bring repose to court proceedings in which no further action is otherwise contemplated or required (see, Hickson v Gardner, 134 AD2d 930, 931). Here, the court's order dated May 13, 1988, clearly contemplated further action based on its decision of February 11, 1988. Thus, the Supreme Court properly rejected the appellant's abandonment argument.

We have examined the appellant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.