■ ELLEN FELDMAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Order of the Supreme Court, New York County (Leonard Cohen, J.), entered July 13, 1989, which, *inter alia,* granted the motion of defendant New York City Transit Authority for summary judgment, is unanimously reversed on the law, the motion denied and the complaint reinstated, without costs or disbursements.

Plaintiff was attacked and raped in a subway station. In 1986, the Supreme Court granted defendant New York City Transit Authority's (NYCTA) motion for summary judgment dismissing the complaint on the grounds that no special duty to protect plaintiff had been demonstrated. Defendant was directed to settle an order but did not do so within the prescribed 60-day period. Instead, three years later, defendant moved once more for an order seeking summary judgment in its favor and to dismiss the complaint for failure to state a cause of action. Defendant also attached a copy of the prior decision and noted that due to an "oversight" said decision was not settled into an order.

The IAS court granted defendant's motion for summary judgment and dismissed the complaint and directed defendant to pay plaintiff $350 costs on the instant motion as a penalty for failing to settle the order.

We find that the IAS court abused its discretion in granting defendant's motion for summary judgment some three years

after defendant had failed to settle an order granting the same relief.

Proposed judgments "must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted." (22 NYCRR 202.48 [a].) Failure to comply "shall be deemed an abandonment of the * * * action, unless for good cause shown." (22 NYCRR 202.48 [b].) The "deemed abandoned" provision is directed at the successful movant *(Stanley v City of New York,* 157 AD2d 466).

Defendant NYCTA simply asserted that its failure to settle the order within the court mandated period of sixty days was "due to an oversight". No further explanation was given. This was an insufficient demonstration of "good cause" sufficient to excuse a delay of almost three years.

The IAS court imposed motion costs on defendant for failing to settle the order citing *Persaud v Goriah* (143 Misc 2d 225). There, the Supreme Court, in the Bronx, held, it would impose costs on the successful party who failed to timely settle an order, to avoid the burden of an unwarranted trial, while upholding the purpose of 22 NYCRR 202.48.

To the extent *Persaud (supra)* suggests that an assessment of costs on the successful party is all that is required, it misreads the plain language of the rule which requires a party to come forward with a sufficient excuse for the delay. *(See, Hickson v Gardner,* 134 AD2d 930.) Moreover, even *Persaud,* acknowledged that "despite the merits of the motion, laches or waiver may bar a favorable substantive adjudication." *(Supra,* at 229.) In view of the unexcused three year delay herein, the motion should have been deemed abandoned. The fact defendant simply made another motion, instead of submitting the proposed order pursuant to the prior decision, does not require a different result. Concur—Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ.