■ JOHN S. SVENDSEN et al., Respondents, v SPENCER E. SHERMAN et al., Appellants.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered May 1, 1991, which, upon reargument, denied the defendant's motion to dismiss the action for lack of prosecution on condition that plaintiffs' counsel pay $3,500 to defendants' counsel within 10 days of service of the order, unanimously affirmed, without costs.

Defendants offered no reason for their failure to settle an order to implement the January 22, 1990 memorandum of Justice Preminger within 60 days (22 NYCRR 202.48) and accordingly the first motion to dismiss for failure to prosecute should have been deemed abandoned (see, Stanley v City of New York, 157 AD2d 466, 467, lv dismissed 75 NY2d 947). The affidavit of Dr. Goldfeder, one of the two doctors who originally examined plaintiff, concluded that the latter's loss of eyesight was a direct consequence of defendants' departure from good and accepted ophthalmological practice, thus establishing that plaintiff's claim of medical malpractice was meritorious. In light of this showing, the trial court had the discretion under CPLR 2005 to excuse the law office failure in plaintiff's prosecution of this action, particularly in light of the communication difficulties with plaintiff whose United Nations employment had caused him to relocate to Switzerland. Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.