■ RICHARD DONOVAN, Respondent-Appellant, v FLORA DI-PIETRO, Individually and as Executrix of SILVIO DIPIETRO, Deceased, Appellant-Respondent. [600 NYS2d 951] —In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered May 22, 1991, as granted those branches of the plaintiff's motion which were to vacate a clerk's judgment entered by the defendant upon a jury verdict in favor of the defendant, declared the jury verdict in favor of the defendant a nullity, and struck the defendant's answer pursuant to 22 NYCRR 202.48, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was to set the matter down for an inquest as to damages.

Ordered that the order is reversed insofar as appealed from, on the law, and the plaintiff's motion is denied in its entirety; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

In 1984, the plaintiff allegedly fell and sustained personal injuries while walking on a porch stairway in the defendant's home. He sued and the case went to trial in 1988. The jury returned a general verdict in the defendant's favor on the issue of liability. The defendant did not submit a judgment to either the clerk or the court until 1990. Ultimately, a clerk's judgment was entered. The plaintiff moved pursuant to 22 NYCRR 202.48 to vacate the judgment and for other relief because the defendant had failed to submit a proposed judgment within the 60-day period established by 22 NYCRR

202.48. The Supreme Court, on constraint of *Hickson v Gardner* (134 AD2d 930), a decision of the Appellate Division, Fourth Department, with which it disagreed, granted the relief requested, with the exception of scheduling an inquest, which it refused to do absent a direction from this Court.

In its entirety, 22 NYCRR 202.48 provides:

"202.48 Submission of orders, judgments and decrees for signature. (a) Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted.

"(b) Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown.

"(c) (1) When settlement of an order or judgment is directed by the court, a copy of the proposed order or judgment with notice of settlement, returnable at the office of the clerk of the court in which the order or judgment was granted, or before the judge if the court has so directed or if the clerk is unavailable, shall be served on all parties either:

"(i) by personal service not less than five days before the date of settlement; or

"(ii) by mail not less than 10 days before the date of settlement.

"(2) Proposed counter-orders or judgments shall be made returnable on the same date and at the same place, and shall be served on all parties by personal service, not less than two days, or by mail, not less than seven days, before the date of settlement".

The Appellate Division, First Department, has held the rule encompasses only those orders, judgments, and decrees "directed to be settled or submitted on notice", and submitted to the court for signature *(see, Helfant v Sobkowski,* 174 AD2d 340; *Dicini, Inc. v Hengerer Co.,* 171 AD2d 515). The three provisions of the rule, when read together, indicate that the rule is clearly intended to encourage a timely response to court directives, filling a procedural gap which previously had existed *(see,* Siegel, NY Prac § 250 [2d ed]). The rule is silent where the court has not given such a directive. Consequently, a jury verdict, or even a dispositive ruling from the bench during or after trial where the court does not direct submission of a paper for its signature, will not trigger the applica-

tion of the rule *(see, Winckel v Atlantic Rentals & Sales,* 195 AD2d 599 [decided herewith])). In cases such as this, entry of judgment on a verdict may be accomplished by way of a clerk's judgment, as provided by statute *(see,* CPLR 5016). We thus conclude that no basis exists for the expansive reading of the rule urged by the plaintiff.

We recognize, as did the Supreme Court, that the Appellate Division, Fourth Department, has taken a contrary position, holding that the rule applies even where a judgment may be entered by a clerk based upon the court's minutes *(see, Hickson v Gardner, supra,* at 931). We have previously agreed with that Court that one of the purposes of the rule is to bring repose to court proceedings where no further action is contemplated *(see, Matter of Kerrigan,* 169 AD2d 833), but did not address or endorse its conclusion regarding the scope of the rule itself. As previously stated, the rule simply is silent with respect to situations in which the court has not given a direction to the victorious party to submit a paper for signature. In view of the foregoing, the plaintiff's motion must be denied in its entirety. Rosenblatt, J. P., Copertino, Santucci and Joy, JJ., concur.