■ MARY WINCKEL et al., Respondents, v ATLANTIC RENTALS & SALES, INC., Defendant and Third-Party Plaintiff-Appellant, and BUD MARON et al., Respondents. SAMSONITE CORPORATION, Third-Party Defendant-Respondent. [600 NYS2d 949] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme

Court, Suffolk County (Underwood, J.), dated February 19, 1991, which denied its motion to deem the third-party defendant's motion to dismiss the third-party action abandoned pursuant to 22 NYCRR 202.48 and denied the third-party defendant's motion to amend the judgment entered February 24, 1989, to add a provision dismissing the third-party action, without prejudice to the submission of a proposed amended judgment.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying the cross motion to amend the judgment entered February 24, 1989, without prejudice, and substituting therefor a provision denying the cross motion with prejudice; as so modified, the order is affirmed, with costs to the appellant, and any amended judgment subsequently entered dismissing the third-party action is vacated.

This action proceeded to trial in December 1988. Following openings by counsel, and before the third-party plaintiff put on its case, the third-party defendant Samsonite Corporation (hereinafter Samsonite) moved to dismiss the third-party action brought against it by Atlantic Rental & Sales, Inc. (hereinafter Atlantic). The trial court granted the motion, but did not direct any party to settle or submit an order. Samsonite took no steps to reduce the verbal ruling to a written judgment or order. After the plaintiffs had put in their case against Atlantic and its codefendants, the court dismissed the main action. On February 24, 1989, a judgment was entered in favor of the defendants. The decretal paragraph made no mention of the third-party action. Samsonite made no attempt at that time to amend the judgment in order to incorporate the dismissal of the third-party action.

The plaintiffs appealed, and by decision and order dated July 16, 1990, this Court modified the judgment by reinstating two causes of action asserted against Atlantic, severing those claims, and granting a new trial with respect thereto. We noted that because the trial court's dismissal of Atlantic's third-party complaint was not incorporated into the judgment it was not before us on that appeal (see, *Winckel v Atlantic Rentals & Sales,* 159 AD2d 124). Atlantic subsequently moved in September 1990 to deem the motion made by Samsonite in December 1988 for dismissal of the third-party action abandoned pursuant to 22 NYCRR 202.48. The court denied the motion, and denied Samsonite's cross motion to amend the judgment to add a provision dismissing the third-party action,

without prejudice to submitting a proposed amended judgment. On this appeal, Atlantic argues that because Samsonite did not present any excuse for failing to enter a judgment dismissing the third-party complaint earlier, the motion to dismiss the third-party action was abandoned under the rule. Although we find the rule inapplicable, we conclude that, under the circumstances of this case, the Supreme Court erred in holding that the third-party defendant could amend the judgment upon the submission of a proposed amended judgment. We therefore modify the order accordingly.

The rule at issue provides that proposed orders and judgments "must be submitted for signature * * * within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48 [a]). We find no compelling reason to read this language beyond its plain meaning (see, Donovan v DiPietro, 195 AD2d 589 [decided herewith]; Helfant v Sobkowski, 174 AD2d 340). The rule is directed to those situations where the court has directed that a judgment or order be submitted to it for signature. Therefore, in the present case, the rule is inapplicable because the court never directed that a judgment be settled or submitted. This was not unusual in view of the fact that entry of such a judgment could have been accomplished by the clerk based upon the trial minutes (see, CPLR 5016 [c]). However, the Supreme Court erred in permitting Samsonite to amend the judgment some two years after it could have done so. It is well established that amendment of a judgment will not be allowed where the delay prejudices a substantial right of a party (see, e.g., Rainbow v Swisher, 72 NY2d 106; Solomon v City of New York, 127 AD2d 827). Here, upon reinstating the main action against Atlantic, this Court could not affect the status of its third-party action against Samsonite because the dismissal of the third-party action was not incorporated in the judgment. Atlantic now faces a new trial as a defendant without a third-party action for indemnification or contribution from Samsonite, even though the dismissal of the third-party action, made prior to submission of Atlantic's case, was not on the merits (see, CPLR 5013). Under these circumstances, the Supreme Court should have denied the cross motion to amend the judgment with prejudice (see, Solomon v City of New York, supra). Sullivan, J. P., Lawrence, Copertino and Santucci, JJ., concur.