[664 NYS2d 879]

In the Matter of GREEK PEAK, INC., Respondent, v HAROLD A. ARMSTRONG et al., Appellants. (And Another Related Proceeding.)

Third Department, December 4, 1997

## APPEARANCES OF COUNSEL

*Theodore Fenstermacher,* Cortland, for appellants.

*MacKenzie Smith Lewis Michell & Hughes, L. L. P.,* Syracuse *(Dennis P. Hennigan* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Petitioner, a corporation engaged in the operation of a commercial ski area and land development business, commenced these proceedings pursuant to Business Corporation Law § 623 (h) to fix the fair market value of its common stock as of October 15, 1981. Respondents are dissenting shareholders to a merger between petitioner and another corporation. After a nonjury trial, Supreme Court, by decision dated May 22, 1995, determined that the fair value of petitioner's shares of stock was $1.10 per share and respondents were entitled to interest from October 16, 1981 at the rate of 9%. The court concluded its decision by directing that the judgment "be submitted ac-

cordingly upon notice to all parties and within 60 days (22 NYCRR 202.48)".

On July 21, 1995, respondents sent a letter to Supreme Court and attached thereto was a bill of costs and a document entitled "final order and judgment". The letter noted that a copy of said judgment and bill of costs was being sent to petitioner's counsel for "comments and suggestions". Petitioner thereafter sent a letter to the court, dated July 25, 1995, wherein it specifically stated that the amounts reflected in the judgment and the bill of costs were correct. Because respondents had mentioned in their letter that they would be seeking costs and expenses at some future date and petitioner indicated it wanted to be heard on the issue of paying interest during the period of time in which the proceedings had been held in abeyance, petitioner specifically asked the court to hold the judgment until the matters raised by both parties could be resolved. Aside from respondents' letter in September 1995 indicating that their motion papers seeking costs and expenses were forthcoming, there was no communication between the parties or from Supreme Court until April 30, 1996, when respondents submitted the aforesaid motion. Petitioner cross-moved for a modification of Supreme Court's decision on the merits and for a new trial. After oral argument on these motions, petitioner moved to dismiss the proceedings as abandoned pursuant to 22 NYCRR 202.48.

■■ Finding that respondents had never submitted a judgment in this matter, as it did not consider the proposed judgment to be "submitted for signature" as required by 22 NYCRR 202.48 (a), Supreme Court granted petitioner's motion and dismissed the proceedings as abandoned. The remaining motions were then dismissed by the court as moot. Respondents now appeal from this order, as well as an order denying their motion for reargument.*

22 NYCRR 202.48 (a) provides that "[p]roposed orders or judgments * * * must be submitted for signature * * * within 60 days after the signing and filing of the decision directing that the order be settled or submitted". No one disputes that

---

* [1] As no appeal lies from an order denying a motion to reargue (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783), and we do not, contrary to respondents' contention, read Supreme Court's order as addressing the merits of the motion and then adhering to its prior decision (*compare, State of New York v Gruzen Partnership*, 239 AD2d 735, 736), respondents' appeal from said order must be dismissed.

respondents' letter with the attached proposed judgment, which was filed May 24, 1995, was sent to Supreme Court within the 60-day time limit set forth in 22 NYCRR 202.48 (a). The only question is whether this judgment was a final judgment submitted for the court's signature. Although Supreme Court ruled that it was not, we disagree.

In *Funk v Barry* (89 NY2d 364), the Court of Appeals distinguished between orders/judgments that are directed to be "submitted" from those that are to be "settled". A directive to submit an order rather than settle an order is telling the "prevailing party to 'draw[ ] the order and present[ ] it to the judge * * * who looks it over to make sure it reflects the decision properly, and then signs or initials it' " (*id.*, at 367, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2220:4, at 170). Such a procedure does not require notice to the opposing party (*see, Funk v Barry, supra*, at 367). A directive to settle an order is normally used in more complicated dispositions and, therefore, "the instruction contemplates notice to the opponent so that both parties may either agree on a draft or prepare counter proposals to be settled before the court" (*id.*, at 367). Both directives contemplate "further drafting and judicial approval of the judgment or order" (*id.*, at 367).

Here, Supreme Court specifically directed that the judgment be submitted, not settled. Although respondents sought "comments and suggestions" from petitioner, which it did not need to do given the court's instruction, this does not change the fact that the proposed judgment was submitted for signature as required by the regulation. Petitioner also believed, when it received the judgment, that it was final and submitted for signature, as is evidenced by its July 25, 1995 letter in which it specifically asked the court to hold the judgment after agreeing to the amounts reflected therein. It was not until July 12, 1996, well after the 60-day time period had expired and after making certain other motions with respect to the court's decision, that petitioner sought dismissal of the proceedings. In these circumstances, the fact that petitioner may have had objections to the proposed judgment does not change respondents' intention. If that were the case, there would be no incentive for the party not prevailing at trial to ever agree with a proposed judgment. The 60-day rule is "intended to encourage a timely response to court directives", not to insure that all outstanding issues between the parties are settled within the time frame (*Donovan v DiPietro*, 195 AD2d 589, 590).

Having so concluded, we find that this matter should be remitted to Supreme Court for consideration of the posttrial motions submitted by petitioner and respondents.

CARDONA, P. J., WHITE, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order entered August 16, 1996 is reversed, on the law, with costs, petitioner's motion to dismiss the proceedings as abandoned denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Ordered that the appeal from the order entered November 25, 1996 is dismissed, without costs.