■ BAJE REALTY CORP., Appellant-Respondent, v ALICE CUTLER, as Executrix of ARTHUR CUTLER, Deceased, et al., Respondents-Appellants and Third-Party Plaintiffs-Respondents-Appellants. ROBERT C. BIANCO et al., Third-Party Defendants-Appellants-Respondents. [728 NYS2d 443] —Orders, Supreme Court, New York County (Sherry Klein Heitler, J.), entered August 4, 2000, which, in an action concerning a dispute over ownership interests in real property, granted appellants' motion to dismiss the third-party complaint only to the extent of dismissing a cause of action seeking damages for fraud and a cause of action for a declaration that plaintiff's president lacked the authority to act under that position, unanimously modified, on the law, to the extent of dismissing the fourteenth cause of action for fraud, and otherwise affirmed, without costs.

As a threshold matter, we reject defendants' argument that the motions of plaintiff and the third-party defendants here at issue are precluded as abandoned pursuant to 22 NYCRR 202.48 (a) and (b). Although the movants' failure to show good cause for not timely settling Justice Cohen's order, granting their prior motion insofar as to dismiss nine of the causes in the third-party complaint, rendered their original motion to dismiss abandoned (see, Feldman v New York City Tr. Auth., 171 AD2d 473), and "the consequences of noncompliance [with 22 NYCRR § 202.48] cannot be avoided through the simple expedient of resubmitting the same motion" (Matter of Karmen [American Socy. of Composers, Authors & Publs.], 199 AD2d 188 [emphasis added]), defendants' introduction of a new oral joint venture theory in their second amended third-party complaint, as well as the integral presence of that new theory in the second amended complaint's rearranged causes of action, permitted the movants to move once again to dismiss the third-party complaint without running afoul of 22 NYCRR 202.48.

Assuming, arguendo, that an oral joint venture agreement was reached and that it would fall within the Statute of Frauds (*e.g., Spodek v Riskin*, 150 AD2d 358), issues of fact may exist as to whether defendants' partial performance was "unequivocally referable" to the agreement and as to whether the related principle of equitable estoppel would bar appellants' invocation of the Statute of Frauds such that dismissal at this point of any of the third-party claims predicated upon the alleged oral joint venture agreement would be improper (*id.; Rose v Spa Realty Assocs.*, 42 NY2d 338, 344).

The fourteenth cause of action, for fraud, should have been dismissed. The gist of that claim is that third-party defendant Walter Sakow had no intention of carrying out his contractual duties. A separate claim for fraud cannot be sustained in such circumstances (*see, Comtomark v Satellite Communications Network*, 116 AD2d 499).

With respect to the fifteenth cause of action, the motion court properly concluded that the claim there asserted of a common agreement between the third-party defendants to defraud defendants lacked the requisite specificity.

We have considered and rejected defendants' contention on their cross appeal that the fourth cause of action in the third-party complaint should be reinstated. Concur—Rosenberger, J. P., Andrias, Lerner, Saxe and Friedman, JJ.