■ CLARK CONSTRUCTION CORPORATION, Respondent, v BLF REALTY HOLDING CORP. et al., Appellants. [751 NYS2d 19] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered July 18, 2001, which, in an action by a commercial tenant against its landlord, the landlord's predecessor and a principal of both the landlord and the predecessor, inter alia, denied defendants' cross motion to dismiss, as barred by the statute of frauds and for failure to state a cause of action, plaintiff's causes of action for specific performance and breach of an oral agreement to convert the subject building to condominium ownership and sell to plaintiff the unit it occupies, unanimously affirmed, with costs.

Plaintiff's assertions that defendants retained a lawyer, architect and real estate broker to prepare the alleged condominium conversion, and that plaintiff paid defendants a $200,000 down payment against the purchase of its unit for $1,344,000, are adequate to show, absent any rebuttal from defendants by an individual with personal knowledge of the alleged retainers and payment, partial performance of the alleged oral agreement sufficient to take it out of the statute of frauds (*see Baje Realty Corp. v Cutler*, 284 AD2d 282, 283). Similarly, absent an effective rebuttal from defendants, plaintiff's claims that the individual defendant controls both of the corporate defendants, personally negotiated the alleged oral agreement and caused defendant predecessor to transfer the building to defendant landlord after the controversy had ripened suffice to state a claim for piercing the landlord's corporate veil (*see 29/35 Realty Assoc. v 35th St. N.Y. Yarn Ctr.*, 181 AD2d 540). Nor does the complaint, on its face, allege a public offering subject to the Martin Act (*see People v Glenn Realty Corp.*, 106 Misc 2d 46). Concur—Tom, J.P., Mazzarelli, Buckley, Sullivan and Lerner, JJ.