■ CATHERINE GIBBONS et al., Appellants, v JACKSON HEIGHTS HOSPITAL, Defendant, and WALTER A. BESSER, Respondent. [793 NYS2d 772]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (LeVine, J.), entered January 22, 2004, which, upon an order of the same court dated April 14, 2003, denying their motion to vacate the dismissal of the action and to restore the action to the trial calendar, inter alia, dismissed the complaint insofar as asserted against the defendant Walter A. Besser.

Ordered that the judgment is affirmed, with costs.

On January 11, 2002, the Supreme Court dismissed the action upon the plaintiffs' failure to proceed when the case was called for trial. The plaintiffs' subsequent motion to vacate the dismissal and to restore the action to the trial calendar was denied. Thereafter, the Queens County Clerk entered a judgment, inter alia, dismissing the complaint insofar as asserted against the defendant Walter A. Besser.

The plaintiffs contend that the Supreme Court improperly entered the judgment without first giving them notice. When a matter involves an uncomplicated disposition or denies relief, the court is not required to direct that the proposed judgment be submitted or settled on notice to all parties (*see Funk v Barry*, 89 NY2d 364, 367 [1996]). Since this matter involved the dismissal of the action and the denial of the plaintiffs' motion, inter alia, to vacate that dismissal, the judgment was properly entered by the Clerk without prior notice to the plaintiffs (*see*

CPLR 5016 [c]; *Funk v Barry, supra; Winckel v Atlantic Rentals & Sales*, 195 AD2d 599 [1993]; *Donovan v DiPietro*, 195 AD2d 589 [1993]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.