■ ESTATE OF HELEN S. CLAYDON, Deceased, Respondent, v DANIEL EHRING et al., Appellants. [883 NYS2d 805]—

Kane, J. Appeal from an order of the Supreme Court (McDonough, J.), entered August 12, 2008 in Albany County, which, among other things, denied defendants' motion to dismiss the complaint.

Defendant Daniel Ehring served as the executor of plaintiff, but was ultimately removed and found liable for damages caused to it by various breaches of his fiduciary duty and negligence. In particular, pursuant to a March 11, 2005 decision and order, Surrogate's Court (Doyle, J.) ordered Ehring to pay the estate $144,859.95 for "tax penalties and interest" and $213,019 for his negligence in managing plaintiff's portfolio. The decision and order also denied Ehring's cross motion for executor's commissions and legal fees. While Ehring filed a notice of appeal from the March 2005 decision and order, he never perfected it.

In November 2007, plaintiff commenced this action against

Ehring and his wife, seeking to set aside a conveyance of land between them and to enforce the $357,878.95 judgment. Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) asserting that, under Uniform Rules for Surrogate's Court (22 NYCRR) § 207.37 and CPLR 2220, the prior action had been abandoned because plaintiff failed to judicially settle the March 2005 decision and order and also asserting that the doctrine of laches barred enforcement of the judgment. Supreme Court (McDonough, J.) denied the motion, prompting this appeal.

We find no merit to defendants' argument that Uniform Rules for Surrogate's Court (22 NYCRR) § 207.37 and CPLR 2220 provide a valid basis upon which to dismiss this action. As relevant here, the March 2005 decision and order ordered that "petitioner's motion for summary judgment (seeking to surcharge Ehring) is granted in its entirety" and that "Ehring's cross motion (seeking commissions and fees) is denied." It then stated that "[t]his constitutes both the decision and order of the court. Petitioner (the temporary administrator) is directed to bring accounts to date and submit decree for judicial settlement of same." Relying on this latter sentence, defendants argue that no proposed order or judgment, with notice of settlement, was ever served on Ehring, thus resulting in abandonment under Uniform Rules for Surrogate's Court (22 NYCRR) § 207.37. We are unpersuaded.

The March 2005 decision and order clearly and unambiguously directed Ehring to reimburse plaintiff in the amount of $357,878.95 and there was no direction or need to judicially settle this aspect of it. The reference to judicial settlement clearly pertained to that aspect of the proceeding that dealt with the temporary administrator's obligation to bring his accounts to date and to have such accounts judicially settled. Because money judgments fall outside the ambit of 22 NYCRR 207.37, Supreme Court properly rejected the claim that the subject judgment was abandoned (*compare* Uniform Rules for Sur Ct [22 NYCRR] § 207.37, *with* Uniform Rules for Trial Cts [22 NYCRR] § 202.48; *see Farkas v Farkas*, 11 NY3d 300, 308-309 [2008]; *Funk v Barry*, 89 NY2d 364, 367 [1996]; *Gibbons v Jackson Hgts. Hosp.*, 18 AD3d 428, 428-429 [2005]; *Matter of Greek Peak v Armstrong*, 236 AD2d 181, 184 [1997]).

We likewise find that Supreme Court properly declined to dismiss the complaint on the basis of laches. In short, the conduct alleged by Ehring as giving rise to this defense—an alleged verbal agreement between himself and decedent's niece concerning enforcement of the judgment against him—was flatly

denied by the niece thus rendering any relief on this ground inappropriate at this juncture.

Spain, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.