JP Morgan Chase Bank, N.A. v Peters (2021 NY Slip Op 02749)





JP Morgan Chase Bank, N.A. v Peters


2021 NY Slip Op 02749


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 106318/09 Appeal No. 13751-13751A Case No. 2019-04086 

[*1]JP Morgan Chase Bank, N.A., Plaintiff,
v
Martin Peters et al., Defendants. Wilmington Savings Fund FSB, Non-Party Appellant-Respondent, East Fork Capital Equities, LLC, Non-Party-Respondent-Appellant.


Knuckles, Komosinski & Manfro, LLP, Fishkill (Louis A. Levithan of counsel), for appellant-respondent.
Paula A. Miller, P.C. Smithtown (Paula A. Miller of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about June 14, 2019, which, inter alia, denied the motion of plaintiff JP Morgan Chase Bank N.A., by its successor in interest, nonparty appellant-respondent Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust (collectively plaintiff), for a judgment of foreclosure and sale, and granted the cross motion of nonparty respondent-appellant East Fork Capital Equities LLC to dismiss the action, unanimously affirmed, without costs. Appeal from order, same court (Judith N. McMahon, J.), entered June 11, 2018, unanimously dismissed, without costs, as academic.
In a January 30, 2018 order, the court sanctioned plaintiff for failure to comply with the directive to settle an order on notice and directed plaintiff to settle the underlying motion within 30 days. The court further directed that failure to do so would result in dismissal of the action. After multiple opportunities to follow the court's directives, and after being fined, plaintiff was unable to properly settle an order on notice (see Matter of Karmen [American Socy. of Composers, Authors & Publs.] , 199 AD2d 188 [1st Dept 1993], citing Feldman v New York City Tr. Auth. , 171 AD2d 473 [1st Dept 1991]). Accordingly, the court properly dismissed the action in the June 14, 2019 order.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021