Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same has not been Heretofore Acquired for the Same Purpose in Fee, to the Lands, Tenements and Hereditaments Required for the Opening and Extending of East Two Hundred and Fourteenth Street (or Avenue "A"), from White Plains Road to Fourth Avenue (now Barnes Avenue), in the Twenty-fourth Ward, Borough of the Bronx, City of New York.

(Supreme Court, New York Special Term, June, 1910.)

Eminent domain — Condemnation proceedings: Confirmation of report: Costs — Time to object to amount.
Local improvements: Persons making assessment and qualifications and removal thereof — Who to make assessment: Assessment districts and persons and property assessable — Fixing assessment district: Amount of assessment, items of expenses included and apportionment of benefits; Apportioning benefits and mode of computation — Front foot rule; Expenses included — Costs.

Whether the costs and expenses of a proceeding to acquire lands for a street in the city of New York are extravagant and out of proportion with the size of the proceeding cannot be considered upon the motion to confirm the report of the commissioners of estimate and appraisal, assessing the cost of the improvement upon the property benefited, after the regular taxation thereof upon proper notice.

The taxation of the fees of the commissioners as well as the fees of the city's expert witnesses upon the property within the area of assessment is authorized by statute.

The levying of the assessment for the cost of such improvement by a single commissioner is not a violation of the provisions of the State Constitution.

Nor is it unconstitutional for the board of estimate to fix the area of assessments for benefits, as the assessment is a tax and no part of the compensation to the owner.

Nor should benefits be deducted in awarding damages for injury to property not taken.

Where the commissioner does not impose any portion of the cost of the improvement upon the city, his report should not be refused confirmation because he does not state in terms that he considered the question and why he failed to impose any part upon the city.

Nor is a uniform rate of assessment according to frontage necessarily improper where no variation as to size, grade improvements or other particulars is shown.

MOTION by the city of New York to confirm the report of commissioners of estimate and assessment.

Archibald R. Watson, Corporation Counsel (Joel J. Squier and James Regan Fitzgerald, of counsel), for motion.

Lawrence E. French, for property owners, opposed.

GIEGERICH, J.   The property owners object to the confirmation of the report of the commissioners of estimate and assessment.   Taking up the points urged on their behalf seriatim, I reach the following conclusions: *First.* Whether the costs and expenses of the proceeding are extravagant and out of proportion with the size of the proceeding cannot be considered at this stage, because they have been taxed regularly and after proper notice, and the time and the place for such objection were before the judge to whom costs were presented for taxation.   *Second.* The taxation of the fees of the commissioners upon the property within the area of assessment is not without warrant of statute, but on the contrary is authorized by the statute.   An examination of sections 258, 970, 980, 997, 998, 999 and 1003 of the Greater New York charter will show the statutory authority for the customary practice followed in this case.   *Third.* There is no good reason why the fees paid by the city to its expert witnesses should not in equity and justice be taxed against the owners.   In opposition to such course it is urged on behalf of the objecting property owners that the testimony of such experts had the effect of diminishing the award which the owner recovered and that it would be iniquitous to charge the owner with his share of the expense of the witnesses whose testimony was used to depreciate the value of his property.   This argument is based upon a narrow and partial view of the nature of condemnation proceedings.   In such proceedings the city is compelled to call expert witnesses in order to protect citizens against themselves, or at least to protect one class of citizens against another.   The entire cost, including the awards, is usually assessed upon the area deemed to be benefited, and, consequently, it is essential, in order to pro-

tect all within such assessment area, that the awards should be kept down to a fair figure. *Fourth.* The claim that the levying of the assessments by one commissioner is unconstitutional is in conflict with the authorities. It is argued that the fixing of the assessments is virtually a part of the awarding of compensation, and consequently, under article 1, section 7, of the Constitution of the State of New York, the compensation to be made for the property taken for the public use must be ascertained by a jury or by not less than three commissioners. In Roosevelt Hospital v. Mayor, etc., 84 N. Y. 108, at page 112, the court observed that, " In a broad sense, taxes undoubtedly include assessments, and the right to impose assessments has its foundation in the taxing power of the government." So, too, in People v. Mayor, etc., of Brooklyn, 4 N. Y. 419, at page 426, the court said that " the power of taxation and of apportioning taxation or of assigning to each individual his share of the burthen is vested exclusively in the legislature, unless this power is limited or restrained by some constitutional provision. The power of taxing and the power of apportioning taxation are identical and inseparable. Taxes cannot be laid without apportionment; and the power of apportionment is therefore unlimited, unless it be restrained as a part of the power of taxation." I am aware of no such restraint and none is pointed out in the brief before me. The Legislature in the exercise of the power above indicated has provided in section 973 of the Greater New York charter for the appointment of one of the commissioners of estimate to act also as a commissioner of assessment. The power thus vested in him is valid and appears to have been regularly exercised. *Fifth.* The next objection made is that it was unconstitutional for the board of estimate to fix the area of assessment for benefit, the argument being that the board of estimate is essentially a legislative body and in no sense judicial, and that the statute in conferring this power to fix the area of assessment sought to clothe that board with judicial powers, citing Monongahela Navigation Co. v. United States, 148 U. S. 312. This argument is based upon the same misapprehension as to the nature of an assessment, which, as above shown, is a tax, and cannot

Supreme Court, June, 1910. [Vol. 68.

be deemed a part of the compensation awarded or so connected with compensation as to constitute a part thereof. *Sixth.* The next objection is that an assessment for benefit where there were actual damages was error, and the assessment should be reduced by the amount of the damage found. This objection seems to be based upon the same fundamental confusion of the two distinct things, benefit and damage. Section 980 of the Greater New York charter provides that an award may be made for damage to a building not taken for the street purpose, but injured by the street improvement, and the damage found and allowed in this case seems to have been of such a character. The assessment, on the other hand, was made because of the benefit which accrued to the land on which such building stood (in common with other lands in the same neighborhood), arising from the fact of having frontage upon an improved street. *Seventh.* Section 980 of the charter confers upon the commissioner of assessment the power to impose upon the city any part not exceeding one-third of the estimated value of buildings taken in the proceeding, provided " he shall deem it just and equitable under the circumstances to do so." In this case the commissioner did not assess any part of such value upon the city. The objecting owner insists that the report should show in exact words whether the commissioner considered this question and why no such allowance was made; but, at least in the absence of anything to show why such an allowance should be made, I do not think the confirmation of the report should be refused on this ground. *Eighth.* The final objection made is that the adoption of a uniform and proportionate method of laying the assessment based upon the number of feet of frontage of the various lots is necessarily arbitrary and erroneous in that it leaves out of account size, grade, improvements and other factors that should be given weight, but there is nothing to show the existence of any such variations and differences between the various lots. Neither do I find any force in the objection that the estimated amounts of benefit in the preliminary report exceed those found in the final report. The difference is due to the fact that the total cost of the proceeding will not equal the original estimate, and, conse-

Misc.]            Supreme Court, June, 1910.

quently, the proportionate part assessed against each parcel of property within the benefit area has been correspondingly reduced. If the total cost of the improvement is to be borne by the property embraced within the assessment area determined upon, there would seem to be no other practicable method of arriving at the several amounts which each parcel of property should pay. In this respect an assessment for benefit is like any other form of taxation, the amount to be borne by each piece of property necessarily varying with the total amount which is to be raised. The report should be confirmed.

Report confirmed.