■ THOMAS McCABE, Appellant, v 148-57 EQUITIES CO., Respondent. [758 NYS2d 494] —Appeal from order, Supreme Court, New York County (Diane Lebedeff, J.), entered October 25, 2001, which, in an action by a laborer for personal injuries, inter alia, granted defendant's cross motion to dismiss the

complaint for failure to properly serve process, unanimously dismissed, without costs, as abandoned. Order, same court and Justice, entered May 14, 2002, which denied plaintiff's motion to deem defendant's previously granted cross motion abandoned and to dismiss defendant's affirmative defense of lack of jurisdiction as waived, unanimously affirmed, without costs.

In the first order on appeal, the motion court granted defendant's cross motion to dismiss the complaint for failure to mail a copy of the complaint, as required by CPLR 308 (2) and 308 (4), within the statute of limitations. However, since the motion court was simultaneously granting plaintiff's attorney permission to withdraw, it made the dismissal without prejudice to a motion by new counsel for an extension of time to make service. The order also directed the Clerk to enter a judgment dismissing the complaint "no sooner than 5 days after service of a copy of this order with notice of entry and the proposed judgment to plaintiff." We dismiss the appeal from that order as abandoned, since plaintiff's brief does not argue that service of process was proper, or otherwise address the dismissal of the complaint for failure to complete service. In the second order on appeal, plaintiff's subsequent motion to deem defendant's prior cross motion to dismiss abandoned, due to its failure to serve notice of entry of the first order or a proposed judgment within 60 days, was properly denied on the ground that the first order did not direct submission of any paper to the court for its signature (22 NYCRR 202.48; *see Helfant v Sobkowski*, 174 AD2d 340 [1991]; *Donovan v DiPietro*, 195 AD2d 589 [1993]). Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.