Tsiomos v Szak (2018 NY Slip Op 03234)





Tsiomos v Szak


2018 NY Slip Op 03234


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Richter, J.P., Gesmer, Oing, Singh, Moulton, JJ.


6440 26326/04

[*1]Athanasios Tsiomos, Plaintiff,
v
Judy A. Szak, Defendant-Appellant, Skanska USA Civil Northeast, Inc., doing business as Slattery Skanska, Inc., et al., Defendants-Respondents, Perini Corporation, Defendant. [And a Third-Party Action]


Burke, Conway & Dillon, White Plains (Martin Galvin of counsel), for appellant.
London Fischer LLP, New York (James Walsh of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about May 25, 2017, which granted defendants-respondents Skanska USA Civil Northeast, Inc. d/b/a Slattery Skanska, Inc. and Slattery Associates, Inc.'s motion for summary judgment dismissing the complaint, and purported to dismiss all cross claims, against them, unanimously affirmed, without costs. Plaintiff's appeal from the above order unanimously dismissed, without costs, as abandoned.
On October 15, 2004, at about 11:30 p.m., plaintiff's right knee was injured when, while driving on the northbound service road of the Brooklyn Queens Expressway (BQE), defendant-appellant Judy A. Szak rear-ended his vehicle at its intersection with 30th Avenue in Queens. Defendants-respondents Skanska USA Civil Northeast, Inc. d/b/a Slattery Skanska, Inc. and Slattery Associates, Inc. (Skanska) contracted with nonparty the New York State Department of Transportation to act as the general contractor for a reconstruction project being performed to the BQE and subcontracted with third-party defendant Welsbach Electric Corp. to install temporary traffic lights at the subject intersection before the accident.
Skanska met its initial burden by submitting plaintiff's and Szak's deposition testimony, which establish that Szak rear-ended plaintiff's vehicle while in motion and that the intersection's traffic light was functioning and visible when the accident happened. Szak does not dispute that she struck plaintiff's vehicle in the rear or that she is required to provide a nonnegligent explanation for the accident (see Warren v Donovan , 254 AD2d 201, 201 [1st Dept 1998]).
Szak's assertion that there is a triable issue of fact as to whether Skanska placed the temporary traffic light in a direction contrary to what was called for in the DOT contract is unavailing, because her testimony establishes that she saw the traffic light facing in the right direction after the accident. Her claim that Skanska proximately caused the accident by placing the traffic light underneath the overpass and to the left of the intersection fails to raise a triable issue of fact, because her testimony that she did not see plaintiff's moving vehicle in front of her until impact despite having an unobstructed view of the roadway establishes that the sole proximate cause of the accident was her failure to maintain a safe driving speed and distance (see [*2]Rodriguez v City of New York , 259 AD2d 280 [1st Dept 1999]).
We dismiss plaintiff's appeal as abandoned, since it was never perfected (see McCabe v 148-57 Equities Co. , 305 AD2d 231, 232 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK