Sultan v City of New York (2019 NY Slip Op 07538)





Sultan v City of New York


2019 NY Slip Op 07538


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Acosta, P.J., Richter, Mazzarelli, Webber, Kern, JJ.


101077/17 10155NA 10155N

[*1] Burton S. Sultan, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Burton S. Sultan, appellant pro se.
Georgia M. Pestana, Acting Corporation Counsel, New York (Edan Burkett of counsel), for respondents.



Order, Supreme Court, New York County (Verna L. Saunders, J.), entered August 21, 2018, which granted the Department of Finance defendants' (Finance) motion to dismiss the complaint for the alleged wrongful release of funds which were held on deposit in connection with another related case, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 4, 2018, unanimously dismissed, without costs, as abandoned.
CPLR 2608 states in relevant part that "[n]o liability shall attach to a custodian of property paid into court because of a payment made by him in good faith in accordance with the direction of an order of the court or as provided in rule 2607." The subject undertaking was made in connection with a December 2012 order, an entirely different matter from this litigation against Finance. As the court correctly observed, all appeals in that matter had been exhausted by the time of the April 16 order (see Connery v Sultan, 129 AD3d 455 [1st Dept 2015], lv dismissed in part and denied in part 26 NY3d 1080 [2015]). Thus, Finance complied with the April 16 order in "good faith" since the order was proper on its face, and there was no record evidence that showed improper procurement or fraud (Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 2608.02; Matter of McNulty, 68 Misc 92, 95 [Sup Ct, NY County 1910], affd 144 App Div 894 [1st Dept 1911]). Thus, the motion to dismiss was correctly granted based on statutory immunity pursuant to CPLR 2608 and for failure to state a cause of action based on Sultan's vague conclusory allegations (see BDCM Fund Adviser, L.L.C. v Zenni, 98 AD3d 915, 916 [1st Dept 2012]).
The December 4, 2018 order denying reargument was not appealable (see Christian v Health & Hosps. Corp., 197 AD2d 481, 481 [1st Dept 1993]), and in any event was abandoned on appeal (see McCabe v 148-57 Equities Co., 305 AD2d 231, 232 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK