■ JOYCE LEWIN, Doing Business as JOYCE LEWIN INTERIORS, Appellant, v M. YEDVARB et al., Respondents.—In an action to recover moneys due for work, labor and services rendered, plaintiff appeals from an order of the Supreme Court, Nassau County, entered June 8, 1977, which granted defendants' motion to dismiss the complaint. The appeal brings up for review so much of a further order of the same court, dated July 7, 1977, as, upon reargument, adhered to the original determination. Appeal from the order entered June 8, 1977 dismissed as academic. That order was superseded by the order made upon reargument. Order dated July 7, 1977 reversed insofar as reviewed, on the law, and, upon reargument, motion to dismiss denied. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. In November or December, 1974 plaintiff-appellant commenced an action for moneys due for interior decorating services rendered to, and furnishings purchased for, defendants-respondents. After tedious discovery proceedings, plaintiff filed her statement of readiness in September or October, 1975. The case was calendared for January 15, 1976. Defendants were granted an adjournment and, subsequently, the action was scheduled for a pretrial conference. No settlement was reached. Plaintiff's counsel informed the party conducting the conference that plaintiff was contemplating a trip abroad and requested a trial date subsequent to her return. Counsel requested that the case not be calendared again until April, 1976 and was advised that the case would not be set down for trial until the court was notified that all of the witnesses were ready and available. Notwithstanding the above assurance, the case was calendared for March 22, 1976. At that time plaintiff's counsel informed the court of his conversation at the pretrial conference, of his reliance thereon in permitting plaintiff to travel abroad, and of the impossibility of contacting plaintiff while she remained abroad. In the light of the foregoing, counsel requested an ad-

journment of the trial. The request was denied and the court ordered plaintiff to appear for trial on March 29, 1976 or the case would be dismissed. Plaintiff's counsel contacted a previously-used lawyer's service and requested that it appear on March 29, 1976. This request presumably was not complied with because, on that date, the court ordered the action marked off the calendar for nonappearance. Plaintiff's counsel thereupon moved within 30 days to vacate the dismissal and to restore the action to the calendar. On May 17, 1976 that motion was denied. Plaintiff thereafter engaged new counsel who instituted this action on the same claim. Defendants moved to dismiss the complaint on the ground that there had been a prior dismissal of the same cause of action. On June 8, 1977 Special Term granted defendants' motion to dismiss, construing the prior disposition as a "dismissal" upon plaintiff's "default" and holding that it was *res judicata.* Plaintiff moved to reargue. On July 7, 1977 Special Term granted reargument and adhered to the original determination. We hold that the court erred in granting defendant's motion to dismiss plaintiff's new complaint. A dismissal of an action by being marked off the Trial Calendar is not a dismissal on the merits. A new action on the same theory is therefore not barred by the doctrine of *res judicata (Greenberg v De Hart,* 4 NY2d 511; see, also, *Medical Health Servs. v Fountain Center Corp.,* 52 AD2d 621, where this court stated that the "dismissal of plaintiff's similar action against defendant in Special Term * * * for failure to appear for trial, was not on the merits and therefore is no bar to the within action"). Further, if in dismissing an action for failure to prosecute, the court does not specifically state that the dismissal was with prejudice, or on the merits, it cannot later be construed as a dismissal on the merits (CPLR 3216, subd [a]). Damiani, J. P., Titone, Shapiro and Cohalan, JJ., concur.