■ ARTHUR H. MEDALIE, Appellant, v NORMA JACOBSON et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract due to the defendants' alleged failure to make annual pension payments, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered January 4, 1985, as granted that branch of the defendants' motion which was to dismiss his cause of action based on his "pre-62 pension" on the ground that it was barred by the Statute of Limitations.

Order reversed insofar as appealed from, with costs, that branch of the defendants' motion which was to dismiss the plaintiff's cause of action based on his "pre-62 pension" denied, and matter remitted to the Supreme Court, Westchester County, for further proceedings.

The contract at issue provides for annual pension payments over a period of time. The Statute of Limitations therefore begins to run at the time of the failure to make each payment, and the plaintiff can sue for any payments due within the six years prior to the commencement of the suit *(see, Matter of Philippe,* 31 Misc 2d 193, *affd* 19 AD2d 587, *affd* 14 NY2d 600; CPLR 213).

The dismissal of a prior action between the parties for failure to prosecute was not a dismissal on the merits and did not bar a second action based on the same facts *(see, Lewin v Yedvarb,* 61 AD2d 1025). Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.