■ Richard Gallo et al., Appellants, v Teplitz Tri-State Recycling, Inc., et al., Respondents. [678 NYS2d 140] —In an action, *inter alia*, to foreclose a vendee's equitable title on real property, the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated October 7, 1997, which granted the defendants' motion to dismiss the complaint on the grounds that the action was barred by collateral estoppel and res judicata pursuant to CPLR 3211 (a) (5).

Ordered that the order is reversed, with costs, the defendants' motion to dismiss the complaint on the grounds that the action was barred by collateral estoppel and res judicata is denied, and the complaint is reinstated.

In 1991, the defendants Teplitz Tri-State Recycling, Inc., and Teplitz Auto Parts, Inc. (hereinafter collectively Teplitz), brought an action against the plaintiffs, Richard Gallo and Linda Gallo (hereinafter the Gallos), seeking, *inter alia,* specific performance of a real estate sales contract. On January 6, 1994, Teplitz and the Gallos entered into an in-court stipulation of settlement at which time the case was voluntarily taken off the trial calendar. The terms of the stipulation were never satisfied and in August 1996 the Gallos moved to restore that action to the trial calendar. By order dated September 17, 1996, the Supreme Court denied the Gallos' motion to restore.

By summons and complaint dated July 9, 1997, the Gallos commenced this action to foreclose title on the property which was the subject of the prior action. In response, Teplitz moved to dismiss the complaint pursuant to CPLR 3211 (a), *inter alia,* on the grounds that the action was barred by collateral estoppel and res judicata. The Supreme Court granted the motion on those grounds. We disagree.

A dismissal of an action by being marked off the trial

calendar is not a dismissal on the merits (*see, Lewin v Yedvarb,* 61 AD2d 1025, 1026). Therefore, the Gallos' present action based upon the same facts and transactions underlying the prior action (*see, O'Brien v City of Syracuse,* 54 NY2d 353; *Smith v Russell Sage Coll.,* 54 NY2d 185) is not barred by the doctrine of res judicata (*Greenberg v De Hart,* 4 NY2d 511; *Medalie v Jacobson,* 120 AD2d 652; *Lewin v Yedvarb, supra; Medical Health Servs. v Fountain Ctr. Corp.,* 52 AD2d 621). Furthermore, the court's order dated September 17, 1996, which denied the Gallos' motion to restore the prior action to the trial calendar did not dismiss that action with prejudice or on the merits, and therefore that order cannot now be construed as a dismissal on the merits (*see,* CPLR 3216 [a]; 3217 [c]).

Moreover, the stipulation of settlement does not serve as a bar to this action. Because no order or final judgment was ever entered dismissing the prior action, the doctrines of collateral estoppel and res judicata are inapplicable (*see, Berkshire Nursing Ctr. v Len Realty Co.,* 168 AD2d 475; *Dunleavy v First Am. Tit. Ins. Co.,* 117 AD2d 952; *Ott v Barash,* 109 AD2d 254; *Peterson v Forkey,* 50 AD2d 774). O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.