■ VLADIMIR S. MOXSON, Appellant, v UNITED AIRLINES et al., Respondents. [724 NYS2d 440] —In an action, *inter alia,* to re-

cover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated March 27, 2000, as granted that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3215 (c).

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint in this action alleged, among other things, that following a disturbance on a flight from New York to London on July 2, 1996, the defendant Captain John Stottle and other employees of the defendant United Airlines transmitted certain false statements to police authorities in London, and that the plaintiff was consequently detained for questioning upon his arrival in that city. The complaint also alleges that as a result of certain illegal conduct of employees of United Airlines, the plaintiff was detained by agents of the Federal Bureau of Investigation upon his return to New York on July 11, 1996.

The complaint was verified on June 23, 1998, and was stamped "received" in the Office of the Clerk of Queens County on June 24, 1998. The plaintiff simultaneously commenced an action in the Federal District Court for the Eastern District of New York by the filing of a summons and complaint, dated June 24, 1998. The Federal action is based on the same transactions as those underlying the State action. The defendants served an answer in the Federal action dated August 3, 1998. The defendants never served an answer or a notice of appearance in the State action.

By notice of motion dated October 7, 1999, the plaintiff moved to direct certain pretrial discovery in the State action, despite the fact that, as noted above, the defendants had never appeared. By notice of cross motion dated October 14, 1999, the defendants cross-moved to dismiss the State action pursuant to CPLR 3211 (a) (4), on the ground that the Federal action was pending in which the plaintiff was seeking the same relief, and pursuant to CPLR 3215 (c). In support of the latter branch of the cross motion, it was asserted that the defendants' time to answer the complaint in the State action had expired "on or about July 24, 1998," and that more than one year had passed without the plaintiff having taken steps to enter a default judgment.

In the unsigned and undated reply affirmation, the plaintiff's attorney asserted that on March 21, 1999, he moved "to withdraw the case from the Federal Court." However, neither this reply affirmation, nor a subsequent, and similarly unsigned

and undated "supplemental affirmation," asserted that the complaint in the Federal action had been dismissed. Also, the plaintiff's attorney never denied that the defendants were in default in appearing in the State action as of July 24, 1998. Instead, counsel for the plaintiff asserted that he had informally agreed with defense counsel that defense counsel could defer serving an answer in the State action unless and until the Federal action was dismissed. This assertion is contradicted by an assertion made by the defendants' attorney that they agreed that the State action would be discontinued, and that the matter would be litigated in Federal court.

By order dated March 27, 2000, the Supreme Court granted that branch of the cross motion which was to dismiss the complaint pursuant to CPLR 3215 (c).

On appeal, the plaintiff argues that counsel for the defendants agreed to appear in both cases, and never expressed concern about the defendants' default in appearing, that the complaint is meritorious, and that the defendants would not be prejudiced if the State action were allowed to proceed. The plaintiff also refers to the discovery proceedings which took place in the Federal action as proof that the defendants had in some way appeared in the State action.

The plaintiff's contentions are without merit. The plaintiff does not deny that a default in appearance in the State action occurred on or about July 24, 1998, and that for well over a year he took no steps to enter a default judgment. In addition, there was no showing of merit (cf., LaValle v Astoria Constr. & Paving Corp., 266 AD2d 28; Hoffmann v Salitan, 203 AD2d 91; Eaves v Ocana, 122 AD2d 18). On the contrary, according to the only affidavit of a person with knowledge of the underlying facts contained in this record, the plaintiff's encounter with the police was the result of his having behaved irrationally during the flight to London, and threatening to kill another passenger.

The plaintiff argues that since he agreed, in effect, to extend the defendants' time to answer sine die, the defendants' failure to answer does not properly constitute a default within the meaning of CPLR 3215 (c) (see, Manago v Giorlando, 143 AD2d 646). However, in this case, there was no stipulation between the parties, either on the record in open court or in writing, extending the defendants' time to answer, and the defendants denied that such an agreement was made, asserting instead that the plaintiff had promised to discontinue the State action. Under these circumstances, there is no basis upon which to conclude that there was a valid agreement to extend the defendants' time to answer (see, Shanahan v Shanahan, 92 AD2d 566).

Under all of the circumstances, the Supreme Court properly granted that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3215 (c) (*see, Perricone v City of New York,* 62 NY2d 661).

In light of the foregoing, we need not decide whether the complaint should have been dismissed pursuant to CPLR 3211 (a) (4). Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.