■ STEVEN MORALES, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [755 NYS2d 635] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated March 11, 2002, which, inter alia, granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the action is barred by res judicata.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, and the complaint is reinstated.

A nearly identical action to the instant action was previously dismissed for the plaintiff's failure to prosecute. A dismissal of a prior action between the same parties for failure to prosecute is not a dismissal on the merits and does not bar a second ac-

tion based upon the same facts unless the order specifies. otherwise (*see Mays v Whitfield,* 282 AD2d 721 [2001]; *San Filippo v Adler,* 278 AD2d 402 [2000]; *Medalie v Jacobson,* 120 AD2d 652 [1986]; *Lewin v Yedvarb,* 61 AD2d 1025 [1978]). Furthermore, "dismissal of an action by being marked off the trial calendar is not a dismissal on the merits" (*Gallo v Teplitz Tri-State Recycling,* 254 AD2d 253, 253-254 [1998]).

The order dismissing the prior action did not indicate that it was on the merits or with prejudice, and thus, the doctrine of res judicata is not applicable.

The defendant's remaining contentions are without merit. Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.