■ CAROL CORSA et al., Respondents, v PACIFIC INDEMNITY COMPANY, Appellant. [859 NYS2d 703]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered January 30, 2007, which denied its motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In March 2001 a sewer pipe in front of the plaintiffs' home collapsed, and a large quantity of sewage spilled into the basement of their home. On April 16, 2002 the defendant Pacific Indemnity Company (hereinafter Pacific) made a payment to the plaintiff Carol Corsa pursuant to her homeowner's insurance policy. Carol Corsa executed a subrogation receipt in connection with that payment. The plaintiffs then instituted an action against the Village of Larchmont (hereinafter Larchmont) and the Town of Mamaroneck, among others, in June 2002. The defendant Pacific brought an action against Larchmont as subrogee of Carol Corsa. Those two actions were consolidated. The plaintiffs settled their action against Larchmont following a liability verdict and executed a general release in favor of Larchmont. Pacific also settled its subrogation action against

Larchmont following the liability phase of the joint trial. The plaintiffs then commenced the instant action against Pacific, seeking, inter alia, compensation for damage to the real and personal property pursuant to the insurance policy. Pacific moved to dismiss the complaint pursuant to CPLR 3211, and the Supreme Court denied the motion.

Pacific contends, first, that the instant action is barred by the doctrine of collateral estoppel or res judicata. However, since the plaintiffs settled their action against Larchmont following the liability phase of that action, that action did not result in a final judgment (*see Ott v Barash*, 109 AD2d 254, 262-263 [1985]; *see also Gallo v Teplitz Tri-State Recycling*, 254 AD2d 253, 254 [1998]; *Singleton Mgt. v Compere*, 243 AD2d 213 [1998]). Moreover, the plaintiffs' action against Larchmont, as well as the suit brought by Pacific as subrogee of Carol Corsa against Larchmont, involved the issue of Larchmont's negligence; here, at issue is Pacific's liability for damages to the plaintiffs' home under the contract of insurance. Although the instant action arises from the same transaction or occurrence as did the prior suits against Larchmont (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]), in those prior actions there was no judgment issued as to the damages to the plaintiffs' property. Accordingly, the doctrines of collateral estoppel and res judicata are inapplicable under these circumstances (*see Gallo v Teplitz Tri-State Recycling*, 254 AD2d 253, 254 [1998]; *Ott v Barash*, 109 AD2d at 262-263; *see also Singleton Mgt. v Compere*, 243 AD2d 213, 216-218 [1998]).

Pacific further argues that the subrogation receipt executed by the parties provided that Pacific's payment of the plaintiffs' claim constituted a full settlement of that claim and, thus, the plaintiffs are barred from seeking further damages against Pacific. However, the documents executed in conjunction with the subrogation receipt and on the same date as the subrogation receipt expressly provided that the parties agreed that the payment made by Pacific did not represent a final settlement of that claim. When read in their entirety, the subrogation receipt and annexed documents did not operate as a general release of the plaintiffs' claims against Pacific, as the Supreme Court correctly determined (*see Rotondi v Drewes*, 31 AD3d 734, 735 [2006]; *Zilinskas v Westinghouse Elec. Corp.*, 248 AD2d 777, 779 [1998]).

Pacific further contends that the plaintiffs impaired its subrogation rights by executing a general release in favor of Larchmont. However, Pacific also brought a subrogation action against Larchmont in connection with this occurrence, and

settled that action. Further, Pacific settled its subrogation action against Larchmont subsequent to the commencement of the instant suit. Pacific did not submit a copy of the release it executed in connection with that settlement in support of its motion. Under these circumstances, Pacific failed to establish that its subrogation rights were impaired by the plaintiffs' settlement with Larchmont. Accordingly, the Supreme Court properly denied Pacific's motion to dismiss the complaint on that basis. Mastro, J.P., Covello, Eng and Belen, JJ., concur.