■ ANGEL S. LEMA, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [978 NYS2d 75]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insureds, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 24, 2013, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) and denied his cross motion for leave to enter a default judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is denied, the plaintiff's cross motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment in the plaintiff's favor.

On November 10, 2005, the plaintiff was involved in an automobile accident with a vehicle insured by the defendant insurance carrier. The plaintiff commenced an action against the defendant's insureds in the Civil Court of the City of New York, Queens County. On June 5, 2009, the plaintiff secured a judg-

ment in the sum of $33,396.03, constituting the principal sum of $25,000, plus interest, against the defendant's insureds (hereinafter the underlying judgment).

This is the second of two actions commenced by the plaintiff pursuant to Insurance Law § 3420 (a) (2) to recover the proceeds of the underlying judgment against the defendant's insureds. In the first action, commenced under index No. 25229/09, the Supreme Court denied the plaintiff's motion for summary judgment on the complaint on the ground that the underlying judgment was "not properly served" upon the insurance carrier.

However, while that action was pending, the plaintiff's attorney, on November 17, 2010, re-served the defendant with a copy of the underlying judgment against the insureds. That prior action was dismissed when the parties failed to appear at a compliance conference, whereupon the plaintiff commenced the instant action under index No. 14325/12. The complaint in the instant action alleged that the underlying judgment was served upon the defendant, 30 days had elapsed, and the judgment remained unsatisfied. After the time to answer had lapsed, the defendant moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (4) on the ground that there was another action pending for the same relief. Since the motion was made after the time to answer had lapsed, and no answer had been served, the plaintiff cross-moved for leave to enter a default judgment. In the order appealed from, the Supreme Court granted the defendant's motion and denied the plaintiff's cross motion, on the ground that "this action is duplicative of a previous, currently pending matter."

The defendant's motion to dismiss the complaint in this action was untimely, since it was made after the time to file an answer had lapsed (see CPLR 3211 [e]; Bennett v Hucke, 64 AD3d 529, 530 [2009]; Moxson v United Airlines, 282 AD2d 725, 727 [2001]), and therefore should have been denied. In any event, "[t]he dismissal of a prior action between the same parties for failure to prosecute is not a dismissal on the merits and does not bar a second action based upon the same facts unless the order specifies otherwise" (Mays v Whitfield, 282 AD2d 721, 721-722 [2001]; see Morales v New York City Hous. Auth., 302 AD2d 571 [2003]).

The defendant failed to establish a reasonable excuse for its default. Moreover, because the underlying judgment was re-served upon the defendant, the defendant could not establish a potentially meritorious defense to the instant action (see CPLR 5015 [a] [1]; Alejandro v Liberty Mut. Ins. Co., 84 AD3d 1132 [2011]). Accordingly, the plaintiff's cross motion for leave to enter a default judgment should have been granted.

The defendant's remaining contentions are without merit, or need not be addressed in light of our determination. Skelos, J.P., Balkin, Lott and Hinds-Radix, JJ., concur.