Matter of Lindenwood Cut Rate Liquors, Ltd. v New York State Liq. Auth. (2018 NY Slip Op 03680)





Matter of Lindenwood Cut Rate Liquors, Ltd. v New York State Liq. Auth.


2018 NY Slip Op 03680


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-05813
 (Index No. 12150/16)

[*1]In the Matter of Lindenwood Cut Rate Liquors, Ltd., appellant, 
v
New York State Liquor Authority, respondent.


Guy T. Parisi, Rye, NY, for appellant.
Christopher R. Riano, New York, NY (Thomas J. Rizzuti of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from a judgment of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered April 4, 2017. The judgment granted the first and second objections in point of law of the New York State Liquor Authority, denied the petition as barred by the doctrine of res judicata and the statute of limitations, and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the first and second objections in point of law of the New York State Liquor Authority are denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a determination of the petition on the merits.
By order dated February 17, 2016 (hereinafter the suspension order), the New York State Liquor Authority (hereinafter the Authority), inter alia, suspended, for a period of 30 days, the license of the petitioner, Lindenwood Cut Rate Liquors, Ltd., to sell alcoholic beverages. Prior to the effective date of the suspension order, the petitioner commenced a proceeding pursuant to CPLR article 78 to review the Authority's determination (hereinafter the prior proceeding) and obtained a temporary restraining order staying the suspension order pending the hearing and determination of that proceeding. The Authority answered the petition, but the petitioner thereafter failed to appear before the Supreme Court on the scheduled hearing date, as a result of which the matter was marked off the calendar. A subsequent motion by the petitioner to restore the matter to the calendar was denied by order dated July 26, 2016, for failure to submit an affidavit of merit, and the prior proceeding was dismissed.
On or about October 19, 2016, the petitioner commenced this CPLR article 78 proceeding, seeking the same relief as it did in the prior proceeding, and obtained another temporary restraining order staying the enforcement of the suspension order pending the hearing and determination of the proceeding. The Authority answered the petition and asserted various objections in point of law. The Supreme Court granted the Authority's first and second objections in point of law, finding that the petition was barred by the doctrine of res judicata and the statute of limitations, respectively, and dismissed the proceeding. The petitioner appeals, and we reverse.
As the petitioner correctly contends, CPLR 205(a) applies not only to actions but also to special proceedings under CPLR article 78 (see Matter of Morris Inv. v Commissioner of Fin. of City of N.Y. , 69 NY2d 933; Matter of Winston v Freshwater Wetlands Appeals Bd. , 224 AD2d 160). The toll of CPLR 205(a) would not apply, however, if the prior proceeding was dismissed on the merits; thus, the court must determine whether the order dismissing the prior proceeding is entitled to res judicata effect (see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp ., 93 NY2d 375, 380).
Here, the prior proceeding was dismissed after being marked off the calendar. Contrary to the Authority's contention, "[a] dismissal of an action by being marked off the Trial Calendar is not a dismissal on the merits," and "[a] new action on the same theory is therefore not barred by the doctrine of res judicata" (Lewin v Yedvarb , 61 AD2d 1025, 1026; see Morales v New York City Hous. Auth ., 302 AD2d 571, 571; Gallo v Teplitz Tri-State Recycling , 254 AD2d 253, 253-254; Medalie v Jacobson , 120 AD2d 652). Moreover, there is nothing in the order denying the petitioner's motion to restore the prior proceeding to the calendar which suggests that the prior proceeding was dismissed with prejudice (see Gallo v Teplitz Tri-State Recycling , 254 AD2d at 254).
The Authority's remaining contention is without merit.
Accordingly, we reverse the judgment, reinstate the petition, and remit the matter to the Supreme Court, Queens County, for a determination of the petition on the merits.
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court