Siddiqui v Smith (2022 NY Slip Op 04660)

Siddiqui v Smith

2022 NY Slip Op 04660

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-03714
 (Index No. 707580/17)

[*1]Salim Siddiqui, respondent,
v
Tirrell T. Smith, et al., appellants, et al., defendants.

McCabe, Collins, McGeough, Fowler, Levine & Nogan LLP, Carle Place, NY (Patrick M. Murphy of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (Alexander Berger of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Tirrell T. Smith and Felix A. Smith appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered February 27, 2020. The order, insofar as appealed from, denied that branch of the motion of the defendants Tirrel T. Smith and Felix A. Smith which was pursuant to CPLR 3025(b) for leave to amend their answer to include a new affirmative defense.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action to recover damages for personal injuries in connection with a motor vehicle collision, the defendants Tirrell T. Smith and Felix A. Smith (hereinafter together the defendants) moved, inter alia, pursuant to CPLR 3025(b) for leave to amend their answer to include a new affirmative defense based on res judicata and collateral estoppel. In an order entered February 27, 2020, the Supreme Court, among other things, denied that branch of the defendants' motion. The defendants appeal. We affirm the order insofar as appealed from.
In general, defendants may amend their answer to include a new defense pursuant to CPLR 3025(b) "at any time by leave of court or by stipulation of all parties" (id.; see GMAC Mtge., LLC v Coombs, 191 AD3d 37, 40). As that subdivision commands, leave to amend should be "freely given upon such terms as may be just including the granting of costs and continuances" (CPLR 3025[b]; see Murray v City of New York, 43 NY2d 400, 404-406).
"The determination to permit or deny amendment is committed to the sound discretion of the trial court" (Clarke v Acadia-Washington Sq. Tower 2, LLC, 175 AD3d 1240, 1241; see Carter v Nouveau Indus., Inc., 187 AD3d 702, 704). "[L]eave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; see Aurora Loan Servs., LLC v Dimura, 104 AD3d 796, 796-797; Lucido v Mancuso, 49 AD3d 220, 226-227).
"No evidentiary showing of merit is required under CPLR 3025(b)" (Lucido v Mancuso, 49 AD3d at 229; see Clarke v Acadia-Washington Sq. Tower 2, LLC, 175 AD3d at 1241). [*2]Rather, in reviewing a motion for leave to amend a complaint, "[t]he court need only determine whether the proposed amendment is 'palpably insufficient' to state a cause of action or defense, or is patently devoid of merit" (Lucido v Mancuso, 49 AD3d at 229; see Carter v Nouveau Indus., Inc., 187 AD3d at 704).
Here, the defendants sought leave to amend their answer to include a new affirmative defense based on res judicata and collateral estoppel. The doctrine of res judicata, or claim preclusion, "holds that, as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action" (Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347; O'Brien v City of Syracuse, 54 NY2d 353, 357; Ott v Barash, 109 AD2d 254, 262). "Collateral estoppel, or issue preclusion, [is] a narrower species of res judicata" (Jacob Marion, LLC v Jones, 168 AD3d 1043, 1044; see Carter v Nouveau Indus., Inc., 187 AD3d 705, 706). Collateral estoppel "permits in certain situations the determination of an issue of fact or law raised in a subsequent action by reference to a previous judgment on a different cause of action in which the same issue was necessarily raised and decided" (Gramatan Home Invs. Corp. v Lopez, 46 NY2d at 485; see Ryan v New York Tel. Co., 62 NY2d 494, 500). "It is evident that a general prerequisite to invocation of either res judicata or collateral estoppel is the existence of a final judgment, i.e., a final judicial determination which necessarily decided the very cause of action or issue that a party now seeks to litigate in a subsequent action or proceeding" (Ott v Barash, 109 AD2d at 262; see Begelman v Begelman, 170 AD2d 562, 563).
Here, the proposed new affirmative defense did not include any allegation of a "previous judgment" (Gramatan Home Invs. Corp. v Lopez, 46 NY2d at 485), and it failed to adequately allege that there was a final determination on the merits in some prior action (see Carter v Nouveau Indus., Inc., 187 AD3d at 706-707; Rudovic v Rudovic, 131 AD3d 1225, 1227; Corsa v Pacific Indem. Co., 52 AD3d 450; Towne v Asadourian, 277 AD2d 800, 801; Gallo v Teplitz Tri-State Recycling, 254 AD2d 253, 254; Berkshire Nursing Ctr. v Len Realty Co., 168 AD2d 475, 476; Ott v Barash, 109 AD2d at 262). The allegations in the new proposed affirmative defense were "palpably insufficient" to state a defense based on res judicata or collateral estoppel (Lucido v Mancuso, 49 AD3d at 229 [internal quotation marks omitted]; see Gamer v Ross, 49 AD3d 598, 601).
The defendants' contention that the Supreme Court misapplied the law of the case doctrine is without merit. It would have been unnecessary to grant leave to amend the defendants' answer to interpose the law of the case doctrine (see generally Bloom v Lugli, 102 AD3d 715, 718), as that doctrine constitutes a "rule of practice" rather than an affirmative defense (Martin v City of Cohoes, 37 NY2d 162, 165; see Matter of Part 60 RMBS Put-Back Litig., 195 AD3d 40, 47-48; Ramanathan v Aharon, 109 AD3d 529, 530).
Under the circumstances, the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was for leave to amend their answer (see generally Gamer v Ross, 49 AD3d at 601).
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court