Central Astoria, LLC v Choudhury (2025 NY Slip Op 51103(U))

[*1]

Central Astoria, LLC v Choudhury

2025 NY Slip Op 51103(U)

Decided on July 14, 2025

Civil Court Of The City Of New York, Queens County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 14, 2025
Civil Court of the City of New York, Queens County

Central Astoria, LLC, Petitioner,

against
Mohammad Choudhury, ET AL., Respondents.

Index No. 316262/2022

For Pet: 
Horing, Welikson Rosen & Digrugilliers, P.C. Firm
11 Hillside Avenue 
Williston Park, New York 11596 
For Resp:
NYLAG
Anna Maria Stebbins Attorney
100 Pearl St Fl 19 
New York, New York 10004-6006

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of these motions:
Notice of Motion (To Amend Answer and Summary Judgment) [NYSCEF Doc. No. 40], Attorney Affirmation [Attached at Doc. No. 40], Client Affirmation [Doc. No. 41], Exhibits [Doc. Nos. 42-52]; Attorney Affirmation in Opposition [Doc. No. 54], Opposition Exhibit [Doc. No. 55]; Reply Attorney Affirmation [Doc. No. 57], Reply Client Affirmation [Doc. No. 58], Reply Exhibits [Doc. Nos. 59-60].
After argument heard on June 25, 2025, the court finds as follows:
RELEVANT FACTS AND PROCEDURAL HISTORY
The relevant facts are these. Respondent-Tenant Mohammad Choudhury (Mohammad) has never appeared in this proceeding. It appears he absconded to Bangladesh some time ago, suffered a stroke while there, and is not returning. Occupant Rubina Choudhury (Rubina) filed an answer on November 1, 2022. (see NYSCEF Doc. No. 5). Occupant Labiba Choudhury (Labiba) obtained counsel on or about January 31, 2023. (see Notice of Appearance at Doc. No. 6).
In October 2024 Labiba moved for leave to file a late answer and for dismissal. Dismissal was [largely] predicated on respondent's conclusion that the rent demand is defective because petitioner is charging an illegal inflated rent. (see motion and supporting documents at Doc. Nos. 16-22).
By order dated March 24, 2025, the court [Hon. J. Guthrie] granted the branch of the motion to interpose a late answer and denied dismissal. (see Doc. No. 39).
Labiba Choudhury now moves for leave to amend her answer to include a succession claim and to add more detail to the affirmative defense of improper rent demand. Respondent also moves for summary judgement to dismiss the proceeding based on a fraudulent scheme to deregulate the apartment. Petitioner opposes.
DISCUSSION
Amending the Answer
Leave to amend pleadings under CPLR 3025(b) should be freely granted "unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit." (Inglese v. City of New York, 237 AD3d 1077, 1078 [2d Dept 2025] (citations omitted)).
No evidentiary showing is required. (see Jin Liang Lin v. Gee, 200 AD3d 666, 667 [2d Dept 2001]; Lucido v. Mancuso, 49 AD3d 220, 229 [2d Dept 2008]). Only where the proposed amendment is palpably insufficient or is patently devoid of merit should amendment be denied. (see Siddiqui v. Smith, 207 AD3d 681, 682—83 [2d Dept 2022]; Caldara v. County of Westchester, 197 AD3d 607, 608 [2d Dept 2001]).
Petitioner's opposition alleges prejudice and submits that the defense(s) are not supported with sufficient proof. To establish prejudice, petitioner must show the delay [in amendment] caused it to lose a special right, changed its position, or caused significant trouble or expense. (see Four Thirty Realty LLC v. Kamal, 83 Misc 3d 138(A) [App Term, 1st Dept 2024]).
In other words, to avoid amendment, petitioner is required to establish lateness coupled with significant prejudice. (see Milton v. Subraj, 67 Misc 3d 140(A), 3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020], citing Nationstar Mtge., LLC v. Jean-Baptiste, 178 AD3d 883, 886 [2d Dept 2019]; see also Kimso Apts. LLC v Gandhi, 24 NY3d 403, 411 [2014] (party opposing amendment has burden of establishing prejudice)).
This is a heavy burden. The court has "wide discretion" when dealing with amendment, (see Toiny, LLC v. Rahim, 214 AD3d 1023, 1024 [2d Dept 2023]), but the appellate courts have consistently held that even significant lateness is not a barrier to amendment, even in a summary proceeding. (see e.g. Hill Plaza Enters. NY, LLC v. Terris, 82 Misc 3d 132(A) [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024] (2-year delay)). Even mid-trial amendment, with discovery to boot, has been endorsed. (see Thanasoulis v. Shapiro, 81 Misc 3d 132(A), 199 N.Y.S.3d 341 [App Term, 1st Dept 2023]).[FN1]

Other factors that favor amendment include the matter's procedural posture [it remains in a resolution part] and that the proposed amendments regard issues previously known to petitioner. Furthermore, the proposed amendments appear to have some merit.
Based on the above, Labiba's motion is granted to the extent of deeming the proposed amended answer at Doc. No. 46 served and filed.
Summary Judgment
Succession, of course, is not a per-se defense to a nonpayment proceeding. (see Naroznik [*2]v. Prockett, 47 Misc 3d 141(A), 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). However, an occupant with a colorable claim of succession can challenge whether the petitioner has met statutory prerequisites. (see Rochdale Vill., Inc. v. Goode, 16 Misc 3d 49, 52 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2007]). A possible successor may also challenge whether the tenant of record's leases violate the Rent Stabilization Code (RSC). (see Naroznik v. Prockett, 47 Misc 3d 141(A), 1).
On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party and the motion must be denied where the moving party fails to demonstrate there are no material issues of fact. (see Scurry v New York City Hous. Auth., 39 NY3d 443, 457 [2023]; Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012]). Only when the movant submits evidence in admissible form that demonstrates the absence of triable issues does the burden shift to the non-moving party to establish there are material issues of fact requiring a trial. (see Bazdaric v Almah Partners, LLC, 41 NY3d 310, 316 [2024], citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
The court must always be mindful that "summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of triable issues of fact." (Golding Real Estate, LLC v Shukla, 227 AD3d 674, 676 [2d Dept 2024], citing Rotuba Extruders v Ceppos, 46 NY2d 223, 231 [1978]). Summary judgment should not be granted where material facts are in dispute or where conflicting inferences can be drawn from the evidence, or where there are credibility issues. (see Lee v South Nassau Communities Hosp., 231 AD3d 807, 809 [2d Dept 2024]). 
Labiba's motion is supported by three (3) DHCR rent histories all pertaining to the subject apartment. (see Doc. Nos. 48-50). These registration histories are in addition to the one submitted by petitioner. (see Doc. No. 30). Labiba concludes that these multiple histories indicate a fraudulent scheme to deregulate the apartment, rendering the rent demand defective because of a tainted rent.
Summary judgment is denied. The rent histories do not establish a fraudulent scheme to deregulate as a matter of law, nor do they establish that the rent charged in Mohammad's leases violate the RSC. Summary judgment also puts the cart before the horse. Labiba, in this court's view, must first establish her right to succeed before making these kinds of arguments. (see Naroznik v Prockett, 47 Misc 3d 141(A), 1 (" here tenant's defense sounded in rent overcharge, and the Civil Court could properly make a finding with respect to the succession-rights issue in this proceeding for the purpose of determining the validity of the lease rent.")).
As such, the court has no cause to delve too deeply into petitioner's opposition. (see Cicolello v. Limb, 216 AD2d 434, 434 [2d Dept 1995]). However, the position that petitioner is not responsible for its predecessors' DHCR filings is a poor argument and flies in the face of established law.
Amendment
To the extent it has not already been done, the court hereby sua sponte amends all papers to reflect Labiba Choudhury in place of "Jane Doe." (see CPLR 1024; Wilmington Tr., Nat'l Ass'n v. Shasho, 197 AD3d 534, 536 [2d Dept 2021]).
CONCLUSION
Based on the foregoing, respondent's motion is granted in part and denied in part.
This case is adjourned to August 1, 2025 at 9:30 AM, Part B, Room 403, for all purposes, [*3]including referral to Part X.
This is the decision and order of the court. It will be posted on NYSCEF.
Dated: July 14, 2025
Queens, New York
SO ORDERED,
HON. SHORAB IBRAHIM, JHC

Footnotes

Footnote 1: This wide latitude often benefits petitioners. (see e.g. Dupont Realty, LLC v. Garcia, 73 Misc 3d 128(A) [App Term, 1st Dept 2021] (in absence of prejudice, it was error to deny amendment to correct misstatement as to building's multiple dwelling status)).