Wells Fargo Bank, N.A. v Eloi (2026 NY Slip Op 50244(U))

[*1]

Wells Fargo Bank, N.A. v Eloi

2026 NY Slip Op 50244(U)

Decided on February 27, 2026

Supreme Court, Rockland County

Fried, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 27, 2026
Supreme Court, Rockland County

Wells Fargo Bank, N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-FXD1, Plaintiff,

againstRodrigue Eloi, "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint, Defendants.

Index No. 030496/2024

Plaintiff
SARA Z. BORISKIN 
ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC 
900 Merchants Concourse Ste 310, Westbury, NY 11590 
(516) 280-7675 
SBoriskin@RASLG.com 
Defendant
WILLIAM Y. FOWLKES 
M. Cabrera & Associates, P.C. 
2002 Route 17m Unit 12, Goshen, NY 10924 
(845) 531-5474 
wfowlkes@mcablaw.com

David Fried, J.

The papers filed electronically via NYSCEF numbered 66 — 92, 102, 103, 105, 113 & 114 ("Motion"); and, 94 — 99, 106 & 112 ("Cross-Motion") were read and considered herein.[FN1]
Upon such reading and consideration, the Motion and Cross-Motion are disposed as follows:
BACKGROUND
This action was commenced on September 12, 2025 by Plaintiff-mortgagee to foreclose the mortgage ("Mortgage") encumbering the parcel of real property located at 11 North Hillside Avenue, Spring Valley, County of Rockland, State of New York 10977 ("subject property"). On October 19, 2006, Defendant-borrower Rodrigue Eloi ("Defendant") executed a promissory note endorsed in blank ("Note") wherein he promised to repay the sum of $372,000.00 loaned to him. As security for the Note, on the aforesaid date, Defendant also executed the Mortgage in favor of Option One Mortgage Corporation. Plaintiff's predecessor-in-interest previously commenced an action to foreclose the Mortgage on June 7, 2011 ("Action No. 1") in connection with Defendant's purported failure to make an installment payment due on March 1, 2010. Following the execution of a modification agreement dated March 10, 2016 (NYSCEF Doc. No. 86) which modified the principal balance and maturity date of the Note, Action No. 1 was discontinued. The Mortgage was assigned to Plaintiff by written instrument dated November 5, 2014. Defendant purportedly breached the terms of the Note and Mortgage by failing to tender payments due on March 1, 2018 and any dates thereafter. Consequently, on May 1, 2019, Plaintiff commenced a second action to foreclose the Mortgage ("Action No. 2"), which was dismissed without prejudice by Decision & Order of the Court (Zugibe, J.) dated August 8, 2023 due to Plaintiff's failure to serve RPAPL §1304-compliant notices on Defendant.
Foreclosure settlement conferences were conducted on April 25, 2024, at which time Defendant represented that he did not wish to participate in settlement negotiations in light of the filing of his motion to dismiss. By Decision & Order dated September 16, 2024, Defendant's motion to dismiss on the ground that the action was barred by the statute of limitations was denied. Defendant subsequently filed an Answer on October 16, 2024 and foreclosure settlement [*2]conferences resumed, taking place on February 20, 2025 and March 20, 2025. The parties were unable to reach a settlement, resulting in the case being released to litigation. The Note of Issue was filed on April 2, 2025.
Plaintiff now brings the within Motion for an Order (1) granting Plaintiff summary judgment against Defendant; (2) appointing a referee to compute the amount due to Plaintiff, examine whether the subject property should be sold in parcels, and make his/her computation and report with all convenient speed pursuant to RPAPL §1321; (3) amending the caption by substituting the names of tenant(s) residing at the subject property, namely Joshua Eloi, Samuel Eloi, and Emanuel Eloi in place of "John Doe #1" through "John Doe #3"; and (4) declaring that all non-appearing and non-answering defendant are in default pursuant to CPLR §3215. Defendant cross moves for an Order granting summary judgment in favor of Defendant, dismissing the Complaint and cancelling the Notice of Pendency. Plaintiff opposes the Cross-Motion.
PARTIES' CONTENTIONS
In support of its Motion, Plaintiff contends, inter alia, that Plaintiff has met its prima facie burden to entitle it to judgment as a matter of law by presenting copies of the Note and Mortgage, and proof of Defendant's default on the terms thereunder. As proof of Defendant's default, Plaintiff submits the Affidavit of Robert Ortega ("Ortega Affidavit") a Document Verification Specialist of Newrez LLC d/b/a Shellpoint Mortgage Servicing, servicer for Plaintiff. Mr. Ortega attests, that based upon his review of a loan history summary attached to his Affidavit as Exhibit G, Defendant breached the terms of the Note and Mortgage by failing to tender payment of principal and interest that became due and payable on March 1, 2018 and subsequent installments. In response to Defendant's affirmative defense that Plaintiff failed to comply with RPAPL §1304, Plaintiff contends that pursuant to the Ortega Affidavit, 90-day pre-foreclosure notices were mailed to Defendant in compliance with said statute, copies of which are attached to the Ortega Affidavit as Exhibit J.
In support of his Cross-Motion, and in opposition to Plaintiff's Motion, Defendant contends as follows in relevant part: that Plaintiff failed to demonstrate that it strictly complied with RPAPL §1304 in that Plaintiff relies upon 90-day pre-foreclosure notices purportedly mailed to Defendants in 2018 prior to the commencement of Action No. 2, as proof of their compliance with RPAPL §1304; that in the five-month gap between the dismissal of Action No. 2 and the commencement of this action, Defendant did not receive any notice from Plaintiff or its servicer; that Plaintiff cannot rely upon the 90-day notices purportedly mailed to Defendants prior to Action No. 2, as doing so would defeat the legislative purpose of RPAPL §1304, which is to notify the borrower at least 90 days prior to legal action being commenced by a mortgage lender; that even if the Court were to permit Plaintiff to rely upon said 90-day notices, they have already been adjudicated as noncompliant with RPAPL §§1303 and 1304 in Action No. 2; that the Court's August 8, 2023 Decision & Order has res judicata effect; and that the foregoing deficiencies show that Plaintiff cannot demonstrate strict compliance with RPAPL §1304, which warrants denial of Plaintiff's summary judgment motion and dismissal of the instant Complaint.
In reply to its Motion and in opposition to Defendant's Cross-Motion, Plaintiff submits as follows in relevant part: that the affirmation of Defendant's attorney has no probative value, as Defendant's attorney lacks personal knowledge of the facts; that Defendant has not submitted an affidavit or any evidence that the subject property was Defendant's primary residence, without which [*3]Defendant has failed to establish that RPAPL §1304 is applicable herein; that while the instant Motion and Cross-Motion were pending, Plaintiff served on Defendant a Notice to Admit, which included a request for Defendant to admit or deny that he resided at the property, and that the property was not their primary residence; that Defendant failed to substantively respond to the Notice to Admit or seek a stay or vacatur of the Notice to Admit; and that because Defendant did not substantively respond to the Notice to Admit, they have admitted that they do not reside at the property and the property is not their primary residence; that in light of the foregoing, summary judgment should not be granted in Defendant's favor; and that in the event the Court believes that this action should be dismissed, the dismissal should be without prejudice.
DISCUSSION
In moving for summary judgment on an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note and evidence of the borrower's default (see Wells Fargo Bank, N.A. v. Ostiguy, 127 AD3d 1375 [3d Dept 2015]; U.S. Bank Trust Nat. Ass'n Tr. v. Butti, 16 AD3d 408 [2d Dept 2005]; Red Tulip LLC v. Neiva, 44 AD3d 204 [1st Dept 2007]).
Here, Plaintiff submits copies of the Mortgage and unpaid Note (NYSCEF Doc. Nos. 72 & 73). As evidence of Defendant's default, Plaintiff submits the Ortega Affidavit, attached to which under Exhibit G, are business records of Defendant's payment history on the loan, admissible under CPLR §4518, indicating a recurrent due date of February 1, 2018 and an unpaid principal balance of $345,469.72 on the subject loan (see Bank of NY Mellon v. Gordon, 171 AD3d 197 [2d Dept 2019] [" records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business"]). Accordingly, upon the aforesaid submissions, Plaintiff has provided sufficient evidence of Defendant's default on the terms of the Note and Mortgage.
To avoid summary judgment, it is now incumbent upon Defendant to submit evidence that factually rebuts the Plaintiff's prima facie showing or demonstrates that their affirmative defenses require a trial. (see Neighborhood Hous. Servs. of NY City. Inc. v. Meltzer, 67 AD3d 872 [2d Dept 2009]; Cochran Investment Company, Inc. v. Jackson), 38 AD3d 704 [2d Dept 2007]). In an attempt to avoid summary judgment and succeed on his Cross-Motion for summary judgment dismissing the complaint, Defendant challenges Plaintiff's compliance with the notice requirements of RPAPL §1304. 
"[P]roper service of RPAPL §1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank N.A. v. Henderson, 163 AD3d 601, 602 [2d Dept 2018], quoting Aurora Loan Servs. v. Weisblum, 85 AD3d 95, 106 [2d Dept 2011] [internal quotation marks omitted]). RPAPL §1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, ... including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the premises at issue (RPAPL §1304[2]).
Here, Plaintiff, by way of the Ortega Affidavit and the exhibits annexed thereto, submits that it has satisfied the notice requirements of RPAPL §1304 by having mailed 90-day notices to [*4]Defendant via first class mail and certified mail on July 16, 2018. In other words, Plaintiff maintains the position that the 90-day notices purportedly mailed to Defendant prior to the commencement of Action No. 2 on May 1, 2019 are sufficient, notwithstanding that the Court (Zugibe, J.) previously deemed them noncompliant in its August 8, 2023 Decision & Order. There is also no indication that 90-day notices were mailed to Defendant between the dismissal of Action No. 2 on August 8, 2023 and the commencement of this action on September 12, 2025. Defendant therefore challenges the sufficiency of Plaintiff's purported mailings of the 90-day notices in two ways: first, Defendant contends that because the purported mailings of the 90-day notices relied upon by Plaintiff were made in 2018 and precede Action No. 2, said mailings contravene the legislative purposes of RPAPL §1304 and cannot satisfy the requirements thereof. Second, Defendant contends, that the 90-day notices relied upon by Plaintiff have already been adjudicated as noncompliant with RPAPL §§1303 and 1304 in Action No. 2 by the Court's August 8, 2023 Decision & Order, and Plaintiff are precluded from relitigating the issue under the doctrine of res judicata.
Without addressing Defendant's former argument, the Court agrees with Defendant that the Court (Zugibe, J.) has already determined in a prior action that the 90-day notices relied upon by Plaintiff are not legally sufficient under RPAPL §1304, and Plaintiff is barred from relitigating said issue under the doctrine of collateral estoppel.
Collateral estoppel, or issue preclusion, is "a component of the broader doctrine of res judicata" which provides that, "as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action" (Gramatan Home Invs. Corp. v. Lopez, 46 NY2d 481, 485 [1979]; Siddiqui v. Smith, 207 AD3d 681, 683 [2d Dept 2022]). "[T]he burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in [the] prior action or proceeding" (Parker v. Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999], quoting Ryan v. New York Tel. Co., 62 NY2d 494, 501 [1984]). "The two elements that must be satisfied to invoke the doctrine of collateral estoppel are that (1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue" (Luscher ex rel. Luscher v. Arrua, 21 AD3d 1005, 1007 [2d Dept 2005]).
The two elements for invoking collateral estoppel as outlined by the Appellate Division, Second Department in Luscher ex rel. Luscher have been satisfied here. Plaintiff had a full and fair opportunity to contest the sufficiency of the 90-day notices relied upon herein in the previous action, and a decision regarding the sufficiency of said notices issued in said action.
Plaintiff, nonetheless, maintains that the mailing requirements of RPAPL §1304 are inapplicable herein in light of Defendant's failure to respond to Plaintiff's Notice to Admit. The notice requirements of RPAPL §1304 are only applicable to home loans, as defined by subdivision (6) thereof. One element of such definition is that the "loan is secured by a mortgage or deed of trust on real estate improved by a one to four family dwelling, or a condominium unit, in either case, used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower's principal dwelling." In an effort to obviate the need for the mailing requirements of RPAPL §1304, Plaintiff filed a Notice to Admit on Defendant on December 24, 2025, while the within Motion and Cross-Motion were pending, which included requests to admit or deny the following statements, among others: that Defendant does not reside at the subject property; that Defendant did not reside at the [*5]subject property at the time this action was commenced; that Defendant did not reside at the property on July 16, 2018 (prior to the commencement of Action No. 2); and that Defendant entered into the underlying loan for investment purposes. In response, on December 31, 2025, Defendant filed a letter rejecting Plaintiff's Notice to Admit based upon the pending motions and the fact that the statements contained therein go to the heart of the matters at issue.
Plaintiff's Notice to Admit constitutes post-note-of-issue discovery that is prohibited in the absence of unusual or unanticipated circumstances, which have not been demonstrated herein (22 NYCRR §202.21). However, even if Defendant's rejection of the Notice to Admit constituted an admission of the statements contained therein, the admissions would not establish prima facie that the subject loan obtained in 2006 was not a home loan pursuant to RPAPL §1304(6), since there is no indication that Defendant did not occupy or intend to occupy the subject property as his principal dwelling at the time he obtained the loan or any time thereafter. Accordingly, Plaintiff would not be relieved of its obligation to send Defendant RPAPL §1304-compliant notices prior to commencing a foreclosure action (RPAPL §1304[6]; see e.g., JP Morgan Chase Bank, N.A. v. Gidalowitz, 238 AD3d 863, 865 [2d Dept 2025] ["Furthermore, the subject loan was a 'home loan' within the meaning of RPAPL 1304, as [Defendant] resided at the subject property as her principal dwelling at the time the mortgage agreement was signed and through the commencement of this action"]; Bank of America, N.A. v. Reed, 239 AD3d 800, 804 — 805 [2d Dept 2025]; U.S. Bank National Association v. Maher, 219 AD3d 1372, 1375 [2d Dept 2023] ["Contrary to the plaintiff's contention, the fact that [defendant] moved from the mortgaged premises several years after taking the loan and no longer occupied the premises as their principal dwelling did not relieve the plaintiff of the obligation to send Defendant an RPAPL §1304 notice prior to commencing this foreclosure action"]; Deutsche Bank National Trust Company v. Mangi, 222 AD3d 942, 945 [2d Dept 2023]; U.S. Bank National Association v. Reddy, 220 AD3d 967, 970 [2d Dept 2023]).
In sum, Plaintiff is collaterally estopped from relitigating the issue of the legal sufficiency of the 90-day notices purportedly mailed to Defendant on July 16, 2018; Plaintiff has failed to demonstrate compliance with the notice requirements of RPAPL §1304 — a condition precedent to the commencement of this foreclosure action. Without any evidence of subsequent mailings of 90-day notices, Defendant has met its prima facie burden for summary judgment dismissing the Complaint.
In light of the foregoing, it is hereby
ORDERED, that Plaintiff's Motion Sequence No. 2 is DENIED; and it is further
ORDERED, that Defendant's Cross-Motion Sequence No. 3, for summary judgment dismissing the Complaint, is GRANTED, and the Complaint is DISMISSED.
The foregoing constitutes the Decision & Order of this Court.
Dated: February 27, 2026
New City, New York
E N T E R:
HON. DAVID FRIED, A.J.S.C.
STATE OF NEW YORK
COUNTY OF ROCKLAND

Footnotes

Footnote 1:Defendant's reply to his Cross-Motion (NYSCEF Document No. 115) was not considered herein, as replies to cross-motions are not procedurally proper under CPLR §2114 absent advanced Court approval.